**BROWN & CONNERY, LLP**
Michael J. Miles, Esquire
Arlette Leyba, Esquire
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
mmiles@brownconnery.com
aleyba@brownconnery.com
Attorneys for Defendant Chief Phil Olivo

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| CHRISTIAN BENTON, COALITION OF NEW JERSEY FIREARM OWNERS, GUN OWNERS OF AMERICA, INC., and GUN OWNERS FOUNDATION, | Civil Action No. 1:24-cv-07098-KMW-MJS |
| Plaintiffs, | Motion Date: October 21, 2024 |
| v. | |
| MATTHEW PLATKIN, in his official capacity as the Attorney General of New Jersey, and CHIEF PHIL OLIVO, in his official capacity as the Police Chief of Pennsauken Township, | |
| Defendants. | |

---

## REPLY BRIEF

---

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT.....................................................................................................2

I.   Standard of Review...............................................................................2

II.   Nominal Damages Do Not Save Benton's Claims From Mootness or Create Standing.........................................................................................4

III.  Plaintiffs Have Failed To Establish Standing And Its Claims Are Not Ripe For Review...........................................................................................5

IV.  Plaintiffs Fail To State A Claim For A Violation Of The Second And Fourteenth Amendments..........................................................................8

CONCLUSION ..................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Almeida v. Conforti*,
    No. 16-3411 (KM)(JBC), 2017 U.S. Dist. LEXIS 21817 (D.N.J. Feb. 14,
    2017).................................................................................................................4

*Conn. Citizens Def., League, Inc. v. Thody*,
    No. 23-724-cv, 2024 U.S. App. LEXIS 1056 (2d Cir. Jan. 17, 2024) ...............12

*Dietchweiler by Deitchweiler v. Lucas*,
    827 F.3d 622 (7th Cir. 2016) ...............................................................................9

*District of Columbia v. Heller*, 554 U.S. 570 (2008) .........................................9, 11

*Free Speech Coal., Inc. v. Att'y Gen. U.S.*,
    974 F.3d 408 (3d Cir. 2020) .................................................................................8

*Hart v. Elec. Arts, Inc.*,
    740 F. Supp. 2d 658 (D.N.J. 2010)......................................................................8

*Marszalek v. Kelly*,
    No. 20-cv-4270, 2022 U.S. Dist. LEXIS 14047 (N.D. Ill. Jan. 26, 2022)... 12, 13

*Md. Shall Issue, Inc. v. Moore*, Nos. 21-2017, 21-2053, 2024 U.S. App. LEXIS
    21378 (4th Cir. Aug. 23, 2024) .........................................................................12

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
    549 F.2d 884 (3d Cir. 1977) .............................................................................3, 4

*N.J. Physicians, Inc. v. President of U.S.*,
    653 F.3d 234 (3d Cir. 2011) .................................................................................7

*N.Y. State Rifle & Pistol Ass'n v. Bruen*,
597 U.S. 1 (2022).................................................................................................11

*NE Hub Partners, L.P., CNG Transmission Corp.*,
    239 F.3d 333 (3d Cir. 2001) ...............................................................................10

*Poling v. K. Hovnanian Enters.*,
    99 F. Supp. 2d 502 (D.N.J. 2000)........................................................................3

*Rachlin v. Baumann*,
    2022 U.S. Dist. LEXIS 174215 (D.N.J. Feb. 22, 2024).......................................9

*Rooney & Flynn LLP*,
    2023 U.S. Dist. LEXIS 131817 (D.N.J. July 31, 2023) .......................................6

*Sczesny v. Murphy*,
  Civil Action No. 22-2314 (ZNQ) (RLS), 2024 U.S. Dist. LEXIS 41945 (D.N.J.
  Mar. 11, 2024) ...................................................................................................4

*Siemens United States Holdings Inc. v. Geisenberger*,
17 F.4th 393 (3d Cir. 2021) ...............................................................................10

*TransUnion LLC v. Ramirez,*
141 S.Ct. 2190 (2021) ..........................................................................................6

*Uzuegbunam v. Preczewski*,
592 U.S. 279 (2021).........................................................................................5, 6

*Valentine v. Mullooly, Jeffrey, Rooney & Flynn LLP*,
  2023 U.S. Dist. LEXIS 131817 (D.N.J. July 31, 2023) .......................................6

**Rules**

Rule 12(b)(1)................................................................................... 1, 2, 3

Rule 12(b)(6)................................................................................... 1, 2, 3

## PRELIMINARY STATEMENT

This Court does not have subject matter jurisdiction over this case under Rule 12(b)(1) and Plaintiffs have failed to state a viable cause of action under Rule 12(b)(6). As such, Defendant Chief Olivo's Motion to Dismiss should be granted in its entirety.

Plaintiffs brought suit because they alleged Plaintiff Benton had not been issued three Purchase Permits.  This was the predicate for Plaintiffs claims that New Jersey's firearm licensing scheme and its implementation by Chief Olivo violated the Second and Fourteenth Amendments. However, Benton's applications were each granted and he did not have any additional pending requests at the time Chief Olivo filed his Motion to Dismiss. Consequently, the claim of Benton (and by extension the Association Plaintiffs, which derived their standing from Benton's membership) became moot.

Plaintiffs now attempt to improperly amend their pleading by way of certifications from two alleged members of the Association Plaintiffs, who certify to past and current delays in the receipt of Purchase Permits, respectively.  This is not appropriate. Further, it is insufficient to confer standing on Plaintiffs or save their claim from mootness. There is no actionable injury at this time and no redress this Court can offer. A claim for nominal damages predicated on past conduct does not

change these facts.  Therefore, this Court must dismiss Plaintiffs' claim for lack of subject matter jurisdiction under Rule 12(b)(1).

Further, and in the alternative, Plaintiffs have failed to state a claim under both the Second and Fourteenth Amendments.  Although the Supreme Court has indicated in *dicta* that lengthy delays may rise to such a level that an applicant is denied their Second Amendment right to keep and bear arms, the allegations of the Complaint fall well short of that threshold as a matter of law. Plaintiffs have not been denied their right to keep and bear arms. Plaintiffs do not allege they were unable to exercise their Second Amendment rights with the firearms they concede they already keep. As such, they have failed to state a viable cause of action under Rule 12(b)(6) and Chief Olivo's Motion to Dismiss must be granted in its entirety.

## ARGUMENT

### I.    Standard of Review.

Plaintiffs Opposition Brief appears to demonstrate a misunderstanding of the interplay between the Rule 12(b)(1) and Rule12(b)(6) standards. Plaintiffs argue that Chief Olivo incorrectly identified his challenge as factual rather than facial. (Pl. Opp. Br. at 3). They contend that because Chief Olivo "agrees that this Court should accept Plaintiffs' factual allegations as true," therefore his challenge is not factual. (Pl. Opp. Br. at 3). However, this is an inaccurate interpretation of Olivo's argument, which properly challenged: (1) whether this Court has subject matter jurisdiction

2

over this case under Rule 12(b)(1); and (2) in the alternative, whether Plaintiffs can state a viable cause of action under Rule 12(b)(6).

"The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone *necessitates a ruling on the merits of the claim*, the others deal with procedural defects." *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (emphasis added); *see also Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 508 (D.N.J. 2000) (citing *Mortensen*, 549 F.2d at 891) (Motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action result in a determination on the merits at an early stage of plaintiff's case).

Olivo raises a "factual attack"[1] because the Complaint contains an incomplete and therefore inaccurate synopsis of the facts for purposes of evaluating this Court's subject matter jurisdiction under Rule 12(b)(1). Olivo accordingly introduced extrinsic evidence — Benton's approved applications — to controvert Plaintiffs' facts. *See Mortensen*, 549 F.2d at 891, no. 17; *See Almeida v. Conforti*, No. 16-3411 (KM)(JBC), 2017 U.S. Dist. LEXIS 21817, at *12 (D.N.J. Feb. 14, 2017)

---

[1] "A facial attack 'challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true,' while a factual attack, on the other hand, 'attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer *or otherwise present[ing] competing facts*.'" *Sczesny v. Murphy*, Civil Action No. 22-2314 (ZNQ) (RLS), 2024 U.S. Dist. LEXIS 41945, at *5 (D.N.J. Mar. 11, 2024) (internal quotation marks omitted) (emphasis added).

(considering "extrinsic facts that supplement" the facts alleged in the Complaint). Olivo was not obligated to file an Answer before doing so. *See Sczesny*, 2024 U.S. Dist. LEXIS, at *5 (stating a factual attack can be made by *either* filing answer or presenting competing facts). When the complete record before the Court is considered, it becomes clear that this Court does not have subject matter jurisdiction to hear this case.

## II.    Nominal Damages Do Not Save Benton's Claims From Mootness or Create Standing.

Benton's claim must be dismissed as moot because there is no longer a live case or controversy to litigate. Chief Olivo moved to dismiss the Complaint as moot because the claims relied on the alleged harm resulting from Benton not having been issued three Purchase Permits that were then outstanding, but have since been approved. (Defendant Olivo's Motion to Dismiss at 15-17). In opposition, Benton asserts that his demand for nominal damages precludes dismissal. (Pl. Opp. Br. at 5-8). However, Benton's demand for nominal damages, while potentially speaking to the issue of redressability, does not salvage his claim from the realm of mootness or create standing under the circumstances present here. *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 292 (2021) ("We hold only that, for the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right."); *see also Valentine v. Mullooly, Jeffrey, Rooney & Flynn LLP*, 2023 U.S. Dist. LEXIS 131817, at *11 (D.N.J. July 31, 2023) ("Because the

4

*Uzuegbunam* Court's 'holding concerns only redressability[,]' and not injury, it is not controlling here.").

"[U]nder Article III, an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez,* 141 S.Ct. 2190, 2205 (2021) (holding that "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue . . . over that violation in federal court.") (emphasis in original). In light of the approval of Benton's Purchase Permits, Plaintiffs cannot establish that any injury in fact was suffered. Moreover, as discussed more fully below in Section IV, a processing delay does not amount to a constitutional violation.

III.    **Plaintiffs Have Failed To Establish Standing And Its Claims Are Not Ripe For Review.**

The Association Plaintiffs' claim must be dismissed because they have failed to establish standing. Chief Olivo moved to dismiss Plaintiffs complaint, in part, because it failed to establish an injury in fact sufficient to establish standing, and failed to allege any facts against Olivo that were not premised on future contingent events. (Defendant Olivo's Motion to Dismiss at 19-25). In opposition, Plaintiffs argue they have established standing because the alleged processing delays result in concrete injuries that can be remedied by a declaration of this Court finding the permitting scheme unconstitutional. (Pl. Opp. Br. at 17). In addition, they assert their claims are ripe for review because the Associations' members are "presently being harmed by Olivo's delays" and Benton's demand for declaratory relief and nominal

5

damages are based on "real delays that have already occurred." (Pl. Opp. Br. at 18). As these arguments are interrelated, we address them collectively in reply.

The Association Plaintiffs fail to establish associational standing because the Complaint does not identify members that would otherwise have standing to sue in their own right. *N.J. Physicians, Inc. v. President of U.S.,* 653 F.3d 234, 241 (3d Cir. 2011) (holding association failed to identify a member with standing and therefore lacked standing themselves). To establish associational standing the association must show "(1) its 'members would otherwise have standing to sue in their own right'; (2) 'the interests it seeks to protect are germane to the organization's purpose'; and (3) 'neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Free Speech Coal., Inc. v. Att'y Gen. U.S.,* 974 F.3d 408, 421 (3d Cir. 2020) (citation omitted).

Plaintiffs attempt to remedy this error, in what amounts to an improper attempt to amend their Complaint, by referencing two certifications from alleged members. (Declaration in Opposition of Marloy Gonzalez, dated September 19, 2024; Declaration in Opposition of Jossue Rivera-Santiago, dated September 20, 2024). However, Plaintiffs may not cure their defective Complaint in this fashion. *Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 663 (D.N.J. 2010) ("[A] party may not amend his pleadings by making factual assertions in a brief [or] amend his complaint through a declaration or certification." (internal citations omitted).

6

Even assuming Association Plaintiffs did properly identify its members in the Complaint, it has failed to allege an injury. Plaintiffs provide no authority to support the contention that the violation of a statutory deadline equates to a constitutional violation. *See Rachlin v. Baumann,* 2022 U.S. Dist. LEXIS 174215, at *56 (D.N.J. Feb. 22, 2024) (noting a lack of authority to support claim that "delays beyond a statutorily required processing period . . . violate the second amendment"); *Dietchweiler by Deitchweiler v. Lucas*, 827 F.3d 622, 629 (7th Cir. 2016) (finding a "failure to follow state statute or state-mandated procedures does not amount to a federal due process claim of constitutional magnitude").

In addition, Benton, and alleged association members Rivera-Santiago and Gonzalez, each certify they are already "avid gun owner[s]." (Declaration in Opposition of Marloy Gonzalez dated September 19, 2024; Declaration in Opposition of Jossue Rivera-Santiago dated September 20, 2024). Plaintiffs do not allege they were unable to bear arms during the specified period of delay. They do not allege the delays restrained them from using the firearms they already possess. Nor do they allege they were incapable of defending their homes during the delays. *See District of Columbia v. Heller*, 554 U.S. 570 (2008) (finding second amendment right to bear arms for the purpose of self-defense in the home).

Rivera-Santiago certifies only that he experienced delays in the past, but that is not a live injury in fact.  And while Gonzalez certified that he was waiting on two

Purchase Permits at the time the certification was filed, those applications have all since been approved. (*See* Certification of Philip P. Olivo, III, dated October 15, 2024, at ¶ 6.) Since they have continuously exercised their rights to keep and bear the arms they already own and have received all of the Purchase Permits they sought, the past delays alleged in this case cannot have caused Benton, Rivera-Santiago, or Gonzalez an injury that gives rise to standing here. Relatedly, Plaintiffs' claims are not ripe because they have not alleged an injury that is "a real and substantial threat of harm." *Siemens United States Holdings Inc. v. Geisenberger*, 17 F.4th 393, 412 n.25 (3d Cir. 2021) (quoting *NE Hub Partners, L.P., CNG Transmission Corp.,* 239 F.3d 333, 342 n.9 (3d Cir. 2001)).

## IV.    Plaintiffs Fail To State A Claim For A Violation Of The Second And Fourteenth Amendments.

Even if this Court finds Plaintiffs have standing, their Complaint must be dismissed because it fails to allege a Second or Fourteenth Amendment violation.[2] Plaintiffs impassionedly argue they have a constitutional right to bear arms, which is protected by the Second Amendment and enforceable against the states by the Fourteenth Amendment. (Pl. Opp. Br. at 21-23). However, in defining this right, the

---

[2] Plaintiffs make the flawed argument that the Court may not consider the merits at this stage of the litigation. (Pl. Opp. Br. 19). That is precisely what a motion under Rule 12(b)(6) tests. Plaintiffs' argument again appears to stem from confusion regarding the interplay of Rule 12(b)(1) and Rule 12(b)(6) in this case. (*See*, *supra*, Section I.)

Supreme Court has made clear that it "is not unlimited." *See Heller*, 554 U.S. at 626. While the Supreme Court, in *dicta*, indicated "**lengthy** wait times in processing license applications or **exorbitant** fees" may implicate the right to carry, *N.Y. State Rifle & Pistol Ass'n v. Bruen*, Plaintiffs have failed to present any authority finding that delays of the kind alleged here rise to the level contemplated in *Bruen* such that a constitutional violation is possible. 597 U.S. 1, 38 n.9 (2022) (emphasis added).

Both pre- and post-*Bruen* cases have consistently held a delay does not automatically equate to a denial. *See Md. Shall Issue, Inc. v. Moore*, Nos. 21-2017, 21-2053, 2024 U.S. App. LEXIS 21378, at *26 (4th Cir. Aug. 23, 2024) ("By equating 'infringement' with any temporary delay, the plaintiffs improperly discount the Supreme Court's guidance that requirements such as background checks and training instruction, which necessarily occasion some delay, ordinarily will pass constitutional muster."); *Conn. Citizens Def., League, Inc. v. Thody*, No. 23-724-cv, 2024 U.S. App. LEXIS 1056, at *14 (2d Cir. Jan. 17, 2024) ("No case authority clearly establishes that the police chiefs' conduct violated a federal right of the appellants [and] despite Supreme Court precedent affirming 'that the Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense,' it had 'not found any case to hold that a seven-month (or even a two-year) delay in obtaining a firearm permit violates the Constitution.'"); *Marszalek v. Kelly*, No. 20-cv-4270, 2022 U.S. Dist. LEXIS 14047, at *16-18 (N.D. Ill. Jan. 26, 2022)

(determining processing delays for firearm identification cards ranging from 5 to 9 months did not constitute an outright ban or "outright prohibition of fundamental Second Amendment rights")

Plaintiffs have not alleged that the processing delays here have prevented them from exercising their right to keep and bear arms or from defending their homes. At most, they have alleged a temporary postponement of their right to purchase **additional** firearms. *Marszalek*, No. 20-cv-4270, 2022 U.S. Dist. LEXIS 14047, at *16 ("[Application] process merely postpones a gun owner's exercise of that right."). Plaintiffs Complaint is devoid of any allegations capable of supporting a claim that Chief Olivo denied Plaintiffs the exercise of their Second Amendment rights, and this claim must be dismissed.

Finally, Plaintiffs concede they do not plead a standalone Fourteenth Amendment claim. (See Pl. Opp. Br. at 21). Therefore, this claim must be dismissed as duplicative of their Second Amendment claim. *See Marszalek*, No. 20-cv-4270, 2022 U.S. Dist. LEXIS 14047, at *20 ("dismissing Plaintiffs' substantive due process claim as duplicative of their Second amendment claim" because "[w]here another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of substantive due process") (citations omitted).

## CONCLUSION

For the foregoing reasons, Defendant Chief Olivo's Motion to Dismiss should be granted in its entirety.

Respectfully submitted,

Dated: October 15, 2024            By: *s/ Michael J. Miles*
                                            Michael J. Miles, Esq.
                                            Arlette Leyba, Esq.
                                            **BROWN & CONNERY, LLP**
                                            360 Haddon Avenue
                                            P.O. Box 539
                                            Westmont, New Jersey 08108
                                            (856) 854-8900
                                            mmiles@brownconnery.com
                                            aleyba@brownconnery.com

11