Steven J. Harfenist
Attorneys for Plaintiffs
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
T: (516) 355-9600
F: (516) 355-9601
E: SHarfenist@hkplaw.com

Stephen D. Stamboulieh*
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------X

CHRISTIAN BENTON, COALITION OF NEW JERSEY FIREARM OWNERS, GUN OWNERS OF AMERICA, INC., and GUN OWNERS FOUNDATION,

Plaintiffs,

-against-

MATTHEW PLATKIN, in his official capacity as the Attorney General of New Jersey, and CHIEF PHIL OLIVO, in his official capacity as the Police Chief of Pennsauken Township,

Defendants.

---------------------------------------------------------------------X

**Civil Action No.:**
**24-CV-07098(KWM)(MJS)**

Motion Date: May 5, 2025

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ i

BACKGROUND ..................................................................................... 1

STANDARD OF REVIEW ....................................................................... 2

ARGUMENT ........................................................................................ 2

CONCLUSION ........................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Antoine v. Rucker*
2007 U.S. Dist. LEXIS 17602 (D.N.J. Mar. 12, 2007) .......................................... 2
*In re Martin & Harris Private Ltd.*
2022 U.S. Dist. LEXIS 136925 (D.N.J. Aug. 2, 2022) .......................................... 2

**Rules**

FRCP 12(h)(3) .......................................... 3
Local Rule 7.1(i) .......................................... 2

## BACKGROUND

On March 31, 2025, this Court heard oral argument on Defendant Olivo's Motion to Dismiss (ECF No. 19) and Defendant Platkin's Motion to Dismiss (ECF No. 20). Thereafter, the Court orally rendered "the ruling of the Court," "granting the motion[s] to dismiss filed on behalf of Olivo and the government…." *See* ECF No. 40, Transcript of Motion Hearing Held on 3/31/2025 ("Tr."), at 43:19-20; 44:3-4. When counsel requested clarification whether the court was "dismiss[ing] the entire case on a 12(b)(1)," the Court answered in the affirmative. *Id*. at 44:6-8. Later that same day, the Court entered an Order "grant[ing] without prejudice … Defendant Olivo's Motion to Dismiss, (ECF No. 19), and Defendant Platkin's Motion to Dismiss, (ECF No. 20)…." ECF No. 39. In that Order, the Court incorporated "the reasons set forth on the record." *Id.*

But it does not appear that either motion to dismiss filed by Defendants seeks dismissal of Plaintiffs' entire complaint. Rather, Olivo sought dismissal only as to him, while Platkin expressly did not seek dismissal of Plaintiffs' challenge to New Jersey's one-gun-per-month statute. Thus, on its face, the Court's order (granting Defendants' motions) does not appear to dismiss Plaintiffs' entire complaint. Plaintiffs therefore seek clarification as to the extent of the Court's order.

## STANDARD OF REVIEW

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *In re Martin & Harris Private Ltd.*, 2022 U.S. Dist. LEXIS 136925, at *15 (D.N.J. Aug. 2, 2022) (citation omitted). In this Circuit, "a motion for clarification is subject to the same time restrictions as a motion for reconsideration." *Antoine v. Rucker*, 2007 U.S. Dist. LEXIS 17602, at *4 (D.N.J. Mar. 12, 2007). *See* Local Rule 7.1(i) ("a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge."). Plaintiffs' Motion to Clarify is thus timely.

## ARGUMENT

Neither Defendant sought dismissal of Plaintiffs' "one-gun-a-month" challenge. To be sure, Olivo's Motion to Dismiss sought "an Order dismissing Plaintiffs' Complaint…." ECF #19 at 2. But his memorandum in support made clear that he sought dismissal of Plaintiffs' "in its entirety and with prejudice *as to him*." *Id*. at 30 (emphasis added). For example, Olivo argued "that the claims *against him* are now moot," that "Plaintiffs lack standing to assert any claims *against him*," that "Dismissal of the Complaint *as to Olivo* is thus appropriate under Rule 12(b)(1)," and that "dismissal of the Complaint *as to Olivo* under Rule 12(b)(6)" is "warrant[ed]." ECF #19-1 at 7-8 (emphasis added); *see also* Table of Contents

(“against Olivo,” “as to Olivo”). Meanwhile, Olivo theorized that Plaintiffs’ “broader challenge to new Jersey law appears directed against Defendant Matthew Platkin,” and that Plaintiffs’ “broader claim to invalidate [purchase permits] does not involve Olivo and can be pursued without him as a party to this case.” *Id*. at 7, 22. Olivo’s motion did not substantively discuss Plaintiffs’ challenge to one-gun-a-month, nor seek dismissal of that challenge.

For his part, Platkin filed a “Motion to Dismiss Plaintiffs’ Complaint in Part.” ECF 20-1. Likewise, his supporting memorandum sought dismissal *only* of Plaintiffs’ challenge to New Jersey’s permit to purchase scheme, expressly stating that this would “leav[e] only Plaintiffs’ challenge to the ‘one gun a month’ provision…” remaining. *See* ECF 20-1, at 3.

During oral argument, the Court “grant[ed]” Defendants’ motions to dismiss, without prejudice. Counsel for Plaintiffs inquired whether the dismissal was for “the entire case, 12(b)(1), dismiss[ing] the entire case on a 12(b)(1)?” Tr. at 44:6-7. The Court answered “Yes.” Tr. at 44:8.

While Fed. R. Civ. P. 12(h)(3) requires a court to “dismiss the action” if it “determines at any time that it lacks subject-matter jurisdiction,” neither the Court’s oral decision nor its subsequent Order makes any reference to Rule 12(h)(3) or a *sua sponte* dismissal of challenges that Defendants did not seek. Nor that Order explicitly reference Plaintiffs’ “One Gun a Month” challenge as it relates to

Defendant Platkin. Instead, the Order "grants" "Defendant Olivo's Motion to Dismiss, (ECF No. 19), and Defendant Platkin's Motion to Dismiss, (ECF No. 20)…." *See* ECF No. 39.

## CONCLUSION

Given that the Court's written Order does not reflect that the "entire case" was dismissed for lack of subject matter jurisdiction, but the oral record reflects that was the Court's ruling, Plaintiffs seek clarification as to the scope of the Court's Order.

Dated: Lake Success, New York
April 11, 2025

Respectfully submitted,
HARFENIST KRAUT & PERLSTEIN, LLP

By: *Steven J. Harfenist*

Steven J. Harfenist
*Attorneys for Plaintiffs*
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
T: (516) 355-9600
F: (516) 355-9601
E: SHarfenist@hkplaw.com

Stephen D. Stamboulieh*
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
T: (601) 852-3440
E: stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice