

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL C. WALTERS
*Acting Director*

April 21, 2025

**VIA CM/ECF**
Hon. Karen M. Williams, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    Re:    *Benton et al. v. Platkin et al.*, No. 1:24-cv-7098-KMW-MJS

Dear Judge Williams:

    Please accept this letter on behalf of Defendant Matthew J. Platkin, Attorney General of New Jersey, in response to Plaintiffs' Motion to Clarify the Court's Order entered on March 31, 2025. ECF No. 41.

    Defendant does not oppose Plaintiffs' Motion. Nonetheless, Defendant respectfully submits that the legal basis upon which this Court granted Defendant Chief Olivo's Motion to Dismiss (ECF No. 19) also supports dismissing Plaintiffs' "entire case." ECF No. 41-3, Ex. 2 at 33:11–13, 44:6–8.

    In dismissing Plaintiffs' Second Amendment challenge to New Jersey's handgun purchase permitting laws, the Court held that it lacked "jurisdiction to decide this case" because Plaintiffs failed to articulate on the face of their Complaint a cognizable Second Amendment injury-in-fact sufficient to establish standing to bring this suit. *Id.* at 33:11–13, 35:23–25, 39:20–41:15. Specifically, the Court found Plaintiffs lacked a cognizable injury-in-fact because each has "sought and received firearms permits" and are thus "currently exercising their Second Amendment right to keep and bear arms." *Id.* at 40:11–15. As such, any alleged injury caused by the "inability to exercise" a Second Amendment right "simply does not exist in this case." *Id.* at 40:4–10.

    The Court's acknowledgment that the Second Amendment does not protect "an unfettered, unimpeded right to access guns and/or purchase guns according to [Plaintiffs'] personal desires," *id.* at 41:1–15, is in accord with several decisions of federal courts addressing similar issues. *See, e.g., Vt. Fed'n of Sportsmen's Clubs v. Birmingham et al.*, 741 F. Supp. 3d 172, 216 (D. Vt.



TEL.: (609) 669-5366 • Giancarlo.Piccinini@law.njoag.gov
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

2024) ("[T]he plain text of the Second Amendment does not protect a right to immediately acquire a firearm."); *Knight v. City of New York*, No. 22-3215, 2024 WL 1126309, at *6 (S.D.N.Y. Jan. 17, 2024) (asking, in Second Amendment challenge to New York law imposing 90-day wait between handgun purchases, "whether a waiting period before the purchase of a second handgun is conduct covered by the text of the Second Amendment," and concluding "[i]t is not."); *Rocky Mountain Gun Owners v. Polis*, 701 F. Supp. 3d 1121, 1132 (D. Colo. 2023) ("From [a] reading of the plain text, it is clear that the relevant conduct impacted by [a] waiting period—the receipt of a paid-for firearm without delay—is not covered."); *United States v. James*, 677 F. Supp. 3d 329, 342–43 (D.V.I. 2023) ("[L]aws imposing conditions and qualifications on the commercial sale of firearms fall outside the plain text of the Second Amendment because these laws primarily impact manufacturers, sellers, or transferers and do not criminalize possession of the firearm."). These decisions confirm the Court's finding that Plaintiffs failed to assert a cognizable injury-in-fact here.

Although Defendant did not directly address in his partial Motion to Dismiss (ECF No. 20) the issue of Plaintiffs' standing to challenge N.J. Stat Ann. § 2C:58-3(i), the Court's "continuing obligation" to ensure its jurisdiction over the subject-matter of a pending action empowers the Court to "dismiss a suit *sua sponte* for lack of subject-matter jurisdiction at any stage in the proceeding." *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977) (affirming district court's dismissal *sua sponte* of an action for lack of subject-matter jurisdiction, "[d]espite the failure of any party to address the question of jurisdiction."). The Court's finding that the Second Amendment does not protect "an unfettered, unimpeded right to access guns and/or purchase guns according to [Plaintiffs'] personal desires," ECF No. 41-3, Ex. 2 at 41:1–15, is thus a sufficient basis to justify dismissal of Plaintiffs' sole remaining Second Amendment challenge to N.J. Stat. Ann. § 2C:58-3(i) against the Attorney General *sua sponte* under Fed. R. Civ. P. 12(b)(1).

In sum, because Plaintiffs have not alleged a cognizable Second Amendment injury-in-fact sufficient to establish standing with respect to their remaining challenge to N.J. Stat. Ann. § 2C:58-3(i), the Court may now clarify that it also lacks subject-matter jurisdiction over that claim, too.

Thank you for your Honor's attention to this matter.

                    Respectfully submitted,

                    MATTHEW J. PLATKIN
                    ATTORNEY GENERAL OF NEW JERSEY

By:    */s/ Giancarlo G. Piccinini*
        Giancarlo G. Piccinini
        *Deputy Attorney General*
        Giancarlo.Piccinini@law.njoag.gov

cc:    All Counsel of Record (via CM/ECF)

