MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Division of Law
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101
*Attorney for Defendant Matthew Platkin, Attorney General of New Jersey*

By:    Giancarlo G. Piccinini (414322022)
       Deputy Attorney General
       Giancarlo.Piccinini@law.njoag.gov

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTIAN BENTON et al., | Hon. Karen M. Williams, U.S.D.J. |
| Plaintiffs, | Hon. Matthew J. Skahill, U.S.M.J. |
| v. | Civil Action No.: 1:24-cv-7098 |
| MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, and CHIEF PHIL OLIVO, in his official capacity as the Police Chief of Pennsauken Township, | <u>Civil Action</u><br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANT MATTHEW PLATKIN, ATTORNEY GENERAL OF NEW JERSEY** |
| Defendants. | |

Defendant Matthew Platkin, Attorney General of New Jersey ("Answering Defendant"), by and through the undersigned counsel, hereby responds to the allegations set forth in Plaintiffs' Complaint as follows:

1. Except to admit only that this case involves a challenge to N.J. Stat. Ann. § 2C:58-3(i) (the "one gun a month" law), Answering Defendant states that the allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are otherwise denied.

2. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case cited and quoted for a true and accurate account of its content and context.

3. The allegations in this paragraph are Plaintiffs' characterization of the "one gun a month" law, which speaks for itself. The allegations in this paragraph also constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are otherwise denied. No response is required to the allegations in this paragraph concerning Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

4. The allegations in this paragraph are conclusions of law to which no response is required. No response is otherwise required to the allegations in this paragraph concerning Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

5. The allegations in this paragraph are Plaintiffs' characterization of New Jersey's handgun permitting laws, which speak for themselves. To the extent a response is required, the allegations are otherwise denied. No response is otherwise required to the allegations in this paragraph concerning Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

6. Except to deny the allegation that the challenged laws infringe on the Second Amendment, no response is otherwise required to the allegations in this paragraph, which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

7. The allegations in this paragraph are Plaintiffs' characterization of New Jersey's handgun permitting laws, which speak for themselves. No response is otherwise required to the allegations

2

in this paragraph concerning Plaintiffs' Second Amendment challenge to New Jersey's handgun permitting laws, which was dismissed by Order of this Court, dated April 1, 2025.

8. The allegations in this paragraph are Plaintiffs' characterization of New Jersey's handgun permitting laws, which speak for themselves. No response is otherwise required to the allegations in this paragraph, which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

9. Except to deny the allegation that the challenged laws infringe on the Second Amendment, no response is otherwise required to the allegations in this paragraph, which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws. To the extent a response is required, the allegations are otherwise denied.

10. The allegations in this paragraph are Plaintiffs' characterization of other States' handgun permitting statutes, which speak for themselves. The allegations in this paragraph are also conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

11. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

12. Denied.

## PARTIES

13. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

14. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

15. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

16. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

17. Except to deny that Answering Defendant's "laws, customs, policies, and practices" are harming Plaintiffs or their members, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and leaves Plaintiffs to their proofs .

18. Admitted that Answering Defendant is being sued in his official capacity, is the Attorney General of New Jersey, and has an official address of 25 Market Street, Trenton, New Jersey 08611. Answering Defendant states that the remaining allegations in this paragraph constitute conclusions of law to which no response is required.

19. Answering Defendant neither admits nor denies the allegations in this paragraph as they are not directed at Answering Defendant. To the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

## JURISDICTION AND VENUE

20. The allegations in this paragraph are conclusions of law to which no response is required.

21. The allegations in this paragraph are conclusions of law to which no response is required.

**STATEMENT OF FACTS**

**A.    The Second Amendment**

22. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the constitutional provision quoted for a true and accurate account of its content and context.

23. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

24. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

25. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

26. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

27. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the cases quoted and cited for a true and accurate account of its content and context.

28. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the cases quoted and cited for a true and accurate account of its content and context.

29. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

30. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

31. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

32. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

33. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context. To the extent a response is required, the allegations are otherwise denied.

34. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

35. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are otherwise denied.

36. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the cases quoted and cited for a true and accurate account of its content and context.

37. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the cases quoted and cited for a true and accurate account of its content and context.

38. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

39. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

40. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case cited for a true and accurate account of its content and context.

41. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context. To the extent a response is required, the allegations are otherwise denied.

42. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

43. The allegations in this paragraph are conclusions of law to which no response is required. No response is otherwise required to the allegations in this paragraph, which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

44. Except to deny the allegations that "New Jersey law operates to entirely deprive 'the people' of their Second Amendment rights for extended periods of time" and that New Jersey "thumb[s] its nose at the text of the Second Amendment or the opinions of the Supreme Court," the allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant further refers the Court to the actual text of the cases quoted and cited for a true and accurate account of their content and context.

45. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the cited case for a true and accurate account of its content and context.

46. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

47. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case quoted for a true and accurate account of its content and context.

48. Except to deny the allegation that "the New Jersey statutes at issue deprive (infringe) 'the People' of their right to keep and bear arms," the allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied.

49. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied.

**B.    New Jersey's Firearm Permitting Regime**

50. Denied.

51. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied. Answering Defendant further refers the Court to the actual text of the statute cited for a true and accurate account of its content and context.

52. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of their content and context.

53. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of their content and context.

54. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context.

55. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of its content and context.

56. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied.

57. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of its content and context.

58. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of its content and context.

59. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of its content and context.

60. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of its content and context.

61. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied.

62. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the statute cited for a true and accurate account of its content and context.

63. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute and regulation cited for a true and accurate account of their content and context. To the extent a response is required, denied.

C.      **FPIC Requirements to Acquire Rifles and Shotguns**

64. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context.

65. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute and website cited for a true and accurate account of their content and context.

66. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of their content and context.

67. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of its content and context. To the extent a response is required, denied.

68. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of its content and context. To the extent a response is required, denied.

69. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context.

70. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute and regulation cited for a true and accurate account of their content and context.

71. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied.

72. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context.

73. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited for a true and accurate account of its content and context.

74. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context.

**D.    Permit to Purchase a Handgun ("PPH")**

75. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context.

76. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context.

77. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute and regulation cited and quoted for a true and accurate account of its content and context.

78. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited and quoted for a true and accurate account of its content and context.

79. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context.

80. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited and quoted for a true and accurate account of its content and context.

81. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the source cited and quoted for a true and accurate account of its content and context.

82. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context. To the extent a response is required, denied.

83. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited and quoted for a true and accurate account of its content and context. To the extent a response is required, denied.

84. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited and quoted for a true and accurate account of its content and context.

85. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied.

86. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied.

87. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

**E.    PCH Requirements to Publicly Carry a Concealed Handgun**

88. The allegations in this paragraph are conclusions of law to which no response is required.

89. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes and cases cited and quoted for a true and accurate account of their content and context.

90. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited and quoted for a true and accurate account of its content and context.

91. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited and quoted for a true and accurate account of its content and context.

92. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited and quoted for a true and accurate account of its content and context.

93. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited and quoted for a true and accurate account of its content and context.

94. Except to deny the allegation New Jersey's handgun permitting laws are a "confusing amalgam of statutes and rules that infringe on" the Second Amendment, the remaining allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant further refers the Court to the actual text of the statutes cited for a true and accurate account of its content and context.

95. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context. To the extent a response is required, denied.

96. The allegations in this paragraph are conclusions of law to which no response is required.

97. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute cited for a true and accurate account of its content and context.

98. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied.

99. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statutes cited and quoted for a true and accurate account of its content and context.

100. The allegations in this paragraph are conclusions of law to which no response is required.

## F. Plaintiff Christian Benton

101. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

102. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs. No response is otherwise required because the allegations in this paragraph concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

103. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs. No response is otherwise required because the allegations in this paragraph concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

104. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs. No response is otherwise required because the allegations in this paragraph concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

105. Admitted.

106. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs. No response is

otherwise required because the allegations in this paragraph concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

107. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs. No response is otherwise required because the allegations in this paragraph are not directed at Answering Defendant and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

108. Denied.

109. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs. No response is otherwise required because the allegations in this paragraph are not directed at Answering Defendant and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

110. Denied.

111. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs. No response is otherwise required because the allegations in this paragraph are not directed at Answering Defendant and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

112. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs. No response is otherwise required because the allegations in this paragraph concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

113. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs. No response is otherwise required because the allegations in this paragraph concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

114. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs. No response is otherwise required because the allegations in this paragraph concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws.

115. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

116. Except to deny that there exists a Second Amendment right to "purchase handguns when he wants, at the time of his choosing, in the limit of his choosing," Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and leaves Plaintiffs to their proofs.

117. No response is required to the allegations in this paragraph which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws. To the extent a response is required, the allegations are denied.

118. No response is required to the allegations in this paragraph which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws. To the extent a response is required, the allegations are denied.

**G.    Plaintiffs GOA, GOF, and CNJFO**

119. Denied.

120. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

121. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

122. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

123. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

124. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiffs to their proofs.

125. Denied.

## COUNT I

**U.S. CONST. AMENDS. II, XIV
RIGHT TO KEEP AND BEAR ARMS
42 U.S.C. § 1983 AGAINST DEFENDANTS**

126. Answering Defendant hereby repeats and reasserts his answers to the previous paragraphs as if set forth fully herein.

127. Denied.

128. No response is required to the allegations in this paragraph which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws. To the extent a response is required, Answering Defendant denies that New Jersey's handgun permitting laws "delay and run up the costs of exercising an enumerated right."

129. No response is required to the allegations in this paragraph which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New

Jersey's handgun permitting laws. To the extent a response is required, Answering Defendant denies that New Jersey's handgun permitting laws are "designed to make it difficult for Americans to exercise their Second Amendment rights."

130. The allegations in this paragraph are conclusions of law to which no response is required.

131. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case cited and quoted for a true and accurate account of its content and context.

132. Denied.

133. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case cited and quoted for a true and accurate account of its content and context.

134. The allegations in this paragraph are conclusions of law to which no response is required.

135. No response is required to the allegations in this paragraph which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws. To the extent a response is required, denied.

136. No response is required to the allegations in this paragraph which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws. To the extent a response is required, denied.

137. No response is required to the allegations in this paragraph which constitute conclusions of law and concern Plaintiffs' now-dismissed Second Amendment challenge to New Jersey's handgun permitting laws. To the extent a response is required, denied.

138. Denied.

139. Denied.

140. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the statute and regulation cited for a true and accurate account of its content and context.

141. Denied

142. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case cited and quoted for a true and accurate account of its content and context.

143. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the cases cited and quoted for a true and accurate account of their content and context.

144. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, denied.

145. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the case cited and quoted for a true and accurate account of its content and context.

146. The allegations in this paragraph are conclusions of law to which no response is required. Answering Defendant otherwise refers the Court to the actual text of the constitutional provision quoted for a true and accurate account of its content and context. To the extent a response is required, denied.

147. Denied.

## PRAYER FOR RELIEF

**WHEREFORE,** Answering Defendant demands judgment dismissing Plaintiffs' Complaint with prejudice, together with costs of suit.

Answering Defendant denies that Plaintiffs' constitutional rights have been violated.

Answering Defendant denies that Plaintiffs are entitled to any relief from this Court, including a declaratory judgment and/or injunctive relief, attorney's fees, expert fees, and costs, or any other relief demanded by Plaintiffs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Answering Defendant has not deprived Plaintiffs of any right, privilege, or immunity secured to them by the United States Constitution or any Act of Congress.

### Second Affirmative Defense

The Complaint fails to state a claim against Answering Defendant upon which relief may be granted.

### Third Affirmative Defense

Plaintiffs do not have standing with respect to the allegations in the Complaint.

### Fourth Affirmative Defense

Plaintiffs' claims are not ripe for adjudication.

### Fifth Affirmative Defense

Plaintiffs' desired conduct is not protected by the text of the Second Amendment.

### Sixth Affirmative Defense

N.J. Stat. Ann. § 2C:58-3(i) does not violate the Second Amendment because it is consistent with the Nation's historical tradition of firearms regulation.

## Seventh Affirmative Defense

Plaintiffs' claims are barred by the Eleventh Amendment and the doctrine of sovereign immunity.

## Eighth Affirmative Defense

This Court lacks jurisdiction over this action.

## Ninth Affirmative Defense

Plaintiffs are not entitled to damages, attorneys' fees, expert fees, or costs.

## RESERVATION OF RIGHTS AND DEFENSES

Answering Defendant reserves the right to assert any separate affirmative defense that continuing investigation and discovery may support. Answering Defendant reserves the right, at or before trial, to move for summary judgment on any appropriate grounds.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Giancarlo G. Piccinini, Deputy Attorney General, is hereby designated as trial counsel in this matter.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, to the best of my knowledge, information, and belief, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:    */s/ Giancarlo G. Piccinini*
      Giancarlo G. Piccinini
      Deputy Attorney General

Dated: May 6, 2025

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 6, 2025, Defendant Matthew J. Platkin's Answer was electronically filed with the Clerk of Court in the United States District Court for the District of New Jersey through the Court's CM/ECF system, which filing effected service upon counsel of record through the CM/ECF system.

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:  */s/ Giancarlo G. Piccinini*
     Giancarlo G. Piccinini
     Deputy Attorney General

Dated: May 6, 2025