## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW STRUCK, DANIEL FRANCISCO, and FIREARMS POLICY COALITION, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, and PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,<br><br>Defendants. | Civil Action No.: 1:24-cv-7098<br>Consolidated Case: 3:24-cv-9479<br><br>Hon. Karen M. Williams, U.S.D.J.<br>Hon. Matthew J. Skahill, U.S.M.J.<br><br>Motion Date: December 8, 2025 |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

Bradley A. Benbrook*
Stephen M. Duvernay*
**Benbrook Law Group, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Bradley P. Lehman
**Whiteford, Taylor & Preston, LLC**
600 North King Street, Suite 300
Wilmington, DE 19801
(302) 353-4144
blehman@whitefordlaw.com

*Pro Hac Vice application pending*

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ................................................................................ 1

LEGAL STANDARDS ............................................................................ 3

ARGUMENT ...................................................................................... 5

A.    Good Cause Exists To Permit The Proposed Amendment Under Rule 16 .... 5

B.    No Undue Prejudice Follows From Permitting The NRA To Join As A
     Plaintiff Because The Factual And Legal Issues Remain Unchanged .......... 6

C.    Plaintiffs Have Not Unduly Delayed Seeking To Amend ........................... 8

D.    Plaintiffs Have No Bad Faith Or Dilatory Motive ........................................ 9

E.    Judicial Economy And Potential Prejudice To Plaintiffs Both Favor Granting
     Relief ........................................................................................... 10

CONCLUSION .................................................................................. 10

i

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Gould Inc.*,
  739 F.2d 858 (3d Cir. 1984) ..............................................................................8, 9

*Arthur v. Maersk, Inc.*,
  434 F.3d 196 (3d Cir. 2006) ...................................................................................4

*At Home Sleep Sols., LLC v. Horizon Healthcare Servs., Inc.*,
  No. 18-3333, 2020 WL 1271829 (D.N.J. Mar. 16, 2020) .......................................7

*Baymont Franchise Sys., Inc. v. Bernstein Co., LLC*,
  No. 18-620, 2020 WL 3287150 (D.N.J. June 17, 2020) ........................................7

*Briscoe v. Klaus*,
  538 F.3d 252 (3d Cir. 2008) ...................................................................................9

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
  252 F.3d 267 (3d Cir. 2001) ...............................................................................7, 8

*DLJ Mortg. Cap., Inc. v. Sheridan*,
  975 F.3d 358 (3d Cir. 2020) ...................................................................................4

*Dole v. Arco Chem. Co.*,
  921 F.2d 484 (3d Cir. 1990) ...................................................................................7

*Fermin v. Toyota Material Handling, U.S.A., Inc.*,
  No. 10-3755 JLL, 2012 WL 1393074 (D.N.J. Apr. 23, 2012) ...............................5

*Foman v. Davis*,
  371 U.S. 178 (1962) .................................................................................................4

*Glotech USA, Inc. v. Bluebird, Inc.*,
  No. 14-3321, 2017 WL 3503322 (D.N.J. Aug. 16, 2017) .......................................7

*Grayson v. Mayview State Hosp.*,
  293 F.3d 103 (3d Cir. 1984) ...................................................................................4

*High 5 Games, LLC v. Marks*, ...............................................................................8

*Howard v. Peoplease Holdings, LLC*,
  No. 2:24-cv-9476, 2025 WL 3002162 (D.N.J. Oct. 27, 2025) ..............................4

*In re Caterpillar Inc.*,
  67 F. Supp. 3d 663 (D.N.J. 2014) ...........................................................................8

*Kiser v. Gen. Elec. Corp.*,
  831 F.2d 423 (3d Cir. 1987) ...................................................................................6

*Mullin v. Balicki*,
  875 F.3d 140 (3d Cir. 2017) ...................................................................................4

*Nelson v. County of Allegheny*,
  60 F.3d 1010 (3d Cir. 1995) ...................................................................................9

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
  597 U.S. 1 (2022) .....................................................................................................1

*Nguyen v. Bonta*,
  140 F.4th 1237 (9th Cir. 2025) ...............................................................................1

*Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC*,
  No. 16-3620, 2019 WL 11270470 (D.N.J. June 12, 2019) ....................................4

*Premier Comp Sols., LLC v. UPMC*,
  970 F.3d 316 (3d Cir. 2020) ....................................................................................3

*Samrat Container Lines, Inc. v. Safewater Lines India Pvt., Ltd.*,
  No. 2:14-cv-6110, 2017 WL 11743625 (D.N.J. Aug. 14, 2017) ..........................8

*Sanders v. Clemco Indus.*,
  823 F.2d 214 (8th Cir. 1987) ...................................................................................6

*Tordella v. Cnty. of Cape May, Bd. of Chosen Freeholders*, No. 18-5101, 2021 WL
  3562895, at *2 (D.N.J. Aug. 12, 2021) ........................................................ 3, 4, 5

*Trump v. Casa, Inc.*,
  606 U.S. 831 (2025) ...............................................................................................10

*United States ex rel. McDermott v. Life Source Servs., LLC*, 2023 WL 8947385, at
  *4 (D.N.J. Dec. 28, 2023)........................................................................................5

*Voilas v. Gen. Motors Corp.*,
  173 F.R.D. 389 (D.N.J. 1997) .................................................................................4

**Statutes**

N.J.A.C. § 13:54-1.9 ....................................................................................................1

N.J.S.A. § 2C:58-3(i) ...................................................................................................1

**Rules**

Fed. R. Civ. P. 16(b)(4)................................................................................................5

## INTRODUCTION

Plaintiffs have brought a Second Amendment challenge to the constitutionality of New Jersey's "one-gun-a-month" ban, which generally prohibits individuals from acquiring more than one handgun in a 30-day period.[1] This is fundamentally a legal question governed by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022). Under *Bruen*'s test, New Jersey's "law is facially unconstitutional because possession of multiple firearms and the ability to acquire firearms through purchase without meaningful constraints are protected by the Second Amendment and [New Jersey's] law is not supported by our nation's tradition of firearms regulation." *Nguyen v. Bonta*, 140 F.4th 1237, 1239–40 (9th Cir. 2025) (striking down California's one-gun-a-month ban).

Plaintiffs move to narrowly amend their complaint solely to add the National Rifle Association of America (NRA) as a plaintiff. As shown in the proposed amended complaint, the NRA will assert precisely the same claims that are already asserted by the two individual plaintiffs (Matthew Struck and Daniel Francisco, who are NRA members) and Firearms Policy Coalition. The proposed amendment would not change the factual or legal theories at all; NRA proposes to join the case on the exact same footing as Firearms Policy Coalition, which is already participating in the case. Plaintiffs (and NRA) do not seek to slow down the progress of this case: NRA is prepared to join the existing Plaintiffs and move promptly to summary judgment.

Because the deadline for amending pleadings or adding parties set in the Scheduling Order (ECF 52) has passed, the Court must consider this motion first under Federal Rule of Civil Procedure 16 (to determine whether it is appropriate to

---

[1] The ban is set out in N.J.S.A. § 2C:58-3(i), N.J.A.C. § 13:54-1.9.

modify the scheduling order) and then under Federal Rule of Civil Procedure 15 (to decide whether to grant leave to amend).

Good cause exists to consider the proposed amendment under Rule 16 because Plaintiffs diligently sought to amend their complaint once they discovered facts warranting amendment. NRA retained counsel to challenge New Jersey's one-gun-a-month law in mid-October, and Plaintiffs promptly advised opposing counsel and the Court of the possibility that they may seek to add the NRA to the existing case rather than burden the Court with a third lawsuit challenging the constitutionality of the same laws.

The interests of justice favor permitting this modest amendment under Rule 15. The most important question is whether New Jersey can demonstrate that the proposed amendment would cause it to suffer undue prejudice. The answer is no— no prejudice could arise by adding the NRA because the factual and legal issues will remain identical. The NRA would advance the exact same claims as they have already been pleaded (and litigated) by the existing Plaintiffs. The modest inconvenience and brief delay stemming from limited additional discovery do not constitute "undue prejudice" as required by Rule 15.

Given the absence of prejudice, the remaining factors have limited importance. But those factors nevertheless weigh in favor of granting the motion. Plaintiffs' motives and reasons in seeking to amend confirm that there has been no undue delay: They acted swiftly to join the NRA as a plaintiff once the issue arose and have sought amendment to relieve this Court of the unnecessary burden that would flow from a standalone suit. That same rationale dispels any notion of bad faith on Plaintiffs' part, and the absence of any dilatory motive is confirmed by the fact that any delay only works to Plaintiffs' detriment since they are subjected to an ongoing constitutional injury so long as this litigation is pending.

Judicial economy and efficiency also favor permitting an amendment that avoids the unnecessary burdens that would result from the NRA filing a new action raising an identical Second Amendment claim that is already under consideration. Such duplicative litigation would pose administrability concerns and risk inconsistent results. The simpler and more straightforward approach is to permit the NRA to join the action and then put the case back on track for resolution through cross-motions for summary judgment. The State has proposed a brief discovery period that would allow it to address any concerns about the NRA's participation in the case, and the NRA is prepared to promptly respond to the State's discovery requests so that the case can proceed without any unnecessary delay.

Finally, denying the motion would prejudice the NRA, which cannot merely hang back and wait for the Court to resolve this case and then gain the benefit of the ultimate judgment. Rather, the NRA must bring suit to ensure that the organization and its members are covered by the Court's resolution of this Second Amendment challenge.

The Court should grant Plaintiffs' motion to amend the complaint.

## **LEGAL STANDARDS**

 "[W]hen a party moves to amend or add a party after the deadline in a … scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). "Whether 'good cause' exists under Rule 16 depends in large part on the diligence, or lack thereof, of the moving party." *Tordella v. Cnty. of Cape May, Bd. of Chosen Freeholders*, No. 18-5101, 2021 WL 3562895, at *2 (D.N.J. Aug. 12, 2021). This looks primarily at "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the

motion to amend before the deadline expired." *Id.* at *3. This is "a fact-specific inquiry that 'necessarily varies with the circumstances of each case," and "courts have 'great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Rule 16(b).'" *Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC*, No. 16-3620, 2019 WL 11270470, at *2 (D.N.J. June 12, 2019) (citations omitted).

Once Plaintiffs satisfy that "good cause" standard, the Court considers the motion to amend on its merits under Rule 15. This Court has long recognized that a motion to amend under Federal Rule of Civil Procedure 15(a) is the appropriate vehicle to add plaintiffs. *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 394 (D.N.J. 1997). Under Rule 15(a) "leave to amend 'shall be freely given when justice so requires,'" and the Third Circuit has "consistently adopted a liberal approach to the allowance of amendments." *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A court may deny a motion to amend only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment." *Howard v. Peoplease Holdings, LLC*, No. 2:24-cv-9476, 2025 WL 3002162, at *2 (D.N.J. Oct. 27, 2025) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 1984), in turn citing *Foman*). "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (citations omitted). "The *Foman* factors are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017). In all events, the most important factor is prejudice to the non-moving party. *Id.* at 150; *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("We have consistently

4

recognized … that 'prejudice to the non-moving party is the touchstone for the denial of an amendment.'" (citation omitted)).

## **ARGUMENT**

**A.    Good Cause Exists To Permit The Proposed Amendment Under Rule 16.**

As an initial matter, Plaintiffs must establish "good cause" for the modification of the Court's June 11, 2025 Scheduling Order, which set a July 15, 2025 deadline "to seek amendments to the pleadings or to add new parties." ECF 52; *see* Fed. R. Civ. P. 16(b)(4).

The good cause standard is satisfied here. Plaintiffs did not and could not have possessed "the knowledge necessary to file the motion to amend before the deadline expired," *Tordella*, 2021 WL 3562895, at *2, because the facts underlying the proposed amendment (that is, NRA's intent to challenge the laws at issue here) were not discovered until well after the deadline passed. "[T]he discovery of information after a deadline has passed can be considered good cause to amend, that good cause may be lost if the plaintiff delays further without reasonable justification—*i.e.*, if the Plaintiff acts without due diligence." *United States ex rel. McDermott v. Life Source Servs., LLC*, 2023 WL 8947385, at *4 (D.N.J. Dec. 28, 2023); *see also*, *e.g.*, *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-3755 JLL, 2012 WL 1393074, at *6 (D.N.J. Apr. 23, 2012) ("While information obtained after a deadline to amend can constitute good cause, that good cause does not extend indefinitely.").

Plaintiffs' counsel was not retained by NRA to challenge New Jersey's one-gun-a-month laws until mid-October 2025. Duvernay Decl., ¶ 2. Once that representation agreement was in place, counsel promptly notified opposing counsel and the Court of a potential motion to amend adding NRA as a plaintiff, and have since conferred with counsel for the State and the *Benton* Plaintiffs in an attempt to reach a resolution to the proposed amendment. *Id.*, ¶¶ 3–4. Plaintiffs' quick efforts

to alert counsel and the Court once they learned the issue arose confirms their diligence and supports a finding of good cause under Rule 16.

Good cause exists to permit the motion to amend because Plaintiffs recently learned of NRA's intent to challenge New Jersey's one-gun-a-month law and diligently pursued amendment after learning of the new information.

## B. No Undue Prejudice Follows From Permitting The NRA To Join As A Plaintiff Because The Factual And Legal Issues Remain Unchanged.

Turning to Rule 15, beginning with the most important factor: Prejudice.[2] As a foundational matter, the State cannot suffer prejudice by NRA's addition to the case because the claims remain identical. As shown in the proposed amended complaint, NRA would advance the exact same claims as have been advanced by the individual plaintiffs (Matthew Struck and Daniel Francisco), and it would assert those claims on precisely the same basis as organizational plaintiff Firearms Policy Coalition has raised them because Struck and Francisco are both NRA members. So far as the State's defense is concerned, the parameters of the case will not change: It will face the same legal arguments concerning the constitutionality of New Jersey's one-gun-a-month law whether or not NRA is permitted to join as a plaintiff.

The Third Circuit has squarely held that no prejudice exists where, as here, "allowing [an] amendment should not affect [a party's] tactics or case theories" and therefore "will not cause [the opposing party any] undue difficulty in preparing its defense." *Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 428 (3d Cir. 1987) (relying on and quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987) ("The amendment [plaintiff] seeks would not alter the claims originally asserted in any

---

[2] Two of Rule 15's factors—a party's "repeated failures to cure deficiencies" or the potential "futility of amendment"—are not in play given the procedural posture of the case (Plaintiffs are not amending in the face of a potential dismissal for failure to state a claim) and the scope of the proposed amendment (the factual and legal claims are the same, so there can be no "futility" argument).

way, thus no additional burden of defense would fall on [defendants].")). Along those same lines, there can be no prejudice stemming from the proposed amendment since it would not "seriously impair[]" the State's "ability to present its case," *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990), because there is no need for it to "defend against new facts or new theories," *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Put simply, "prejudice does not exist" when "'[t]he evidence required to meet ... new allegations is substantially similar to that which was originally required.'" *Glotech USA, Inc. v. Bluebird, Inc.*, No. 14-3321, 2017 WL 3503322, at *6 (D.N.J. Aug. 16, 2017) (quoting *Dole*, 921 F.3d at 488).

To be sure, adding a new party naturally requires some additional discovery. "While the need to conduct additional discovery can burden the non-moving party, the need for additional discovery due to amendment does not, without more, prejudice the non-moving party." *Baymont Franchise Sys., Inc. v. Bernstein Co., LLC*, No. 18-620, 2020 WL 3287150, at *6 (D.N.J. June 17, 2020) (citing *Dole*, 921 F.2d at 488). The need for such modest additional discovery does not suffice to deny leave to amend. *See Baymont Franchise Systems*, 2020 WL 3287150, at *6 (granting leave and finding no undue prejudice where the "proposed amendments will not require extensive additional discovery or significantly delay the resolution of this matter"); *At Home Sleep Sols., LLC v. Horizon Healthcare Servs., Inc.*, No. 18-3333, 2020 WL 1271829, at *4 (D.N.J. Mar. 16, 2020) (finding that there is no undue prejudice where plaintiffs' "proposed amendments will only require minimal, specific additional discovery"). And the State has already proposed a solution to ameliorate—and quickly address—any impacts on its defense that could result from the NRA joining the case: A brief discovery period that would allow the State to explore any concerns over NRA's participation as plaintiff (such as exploring the organization's standing and confirming the scope of its challenge to New Jersey's one-gun-a-month law). This additional work amounts to, at most, "general litigation

inconvenience," *Samrat Container Lines, Inc. v. Safewater Lines India Pvt., Ltd.*, No. 2:14-cv-6110, 2017 WL 11743625, at *3 (D.N.J. Aug. 14, 2017), and "[i]ncidental prejudice and delay," which "are insufficient grounds on which to deny leave to amend," *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014).

Finally, any prejudice argument must be viewed against the backdrop that the State will need to defend against NRA's claims whether or not the motion to amend is granted. The State would be faced with starting the same case from scratch and then faced with the additional burdens imposed by litigating duplicative lawsuits.

In short, the State would suffer no prejudice by the narrow amendment to add NRA as a plaintiff.

## C.    Plaintiffs Have Not Unduly Delayed Seeking To Amend.

Because there would be no prejudice to the State from the proposed amendment, "any arguable delay [is] materially irrelevant." *High 5 Games, LLC v. Marks*, No. 13-7161, 2017 WL 349375, at *5 (D.N.J. Jan. 24, 2017). Even so, the lack of undue delay here weighs in favor of granting Plaintiffs' motion. "The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton*, 252 F.3d at 273 (citations omitted). But "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). When analyzing delay, courts "focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier." *Id.*; *see also Cureton*, 252 F.3d at 273 ("the question of undue delay requires that we focus on the movant's reasons for not amending sooner").

Plaintiffs' motives and reasons for presenting the motion to amend at this time weigh against finding undue delay. They have promptly sought to add NRA as a plaintiff once the organization retained counsel to challenge New Jersey's one-gun-

8

a-month law so that the Court can efficiently resolve that constitutional question once and for all. Plaintiffs have sought amendment precisely to avoid "placing an unwarranted burden on the court," *Adams*, 739 F.2d at 868, which would result through duplicative litigation filed by the NRA.

Moreover, the nature of this lawsuit further underscores the lack of any "unfair burden" on the State: Because this is a constitutional challenge to a state firearm regulation—and the proposed amendment does not raise new or additional factual claims—there is no risk of "the irretrievable loss of evidence [or] the inevitable dimming of witnesses' memories," as there may be in other contexts. *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008); *accord Nelson v. County of Allegheny*, 60 F.3d 1010, 1014–15 (3d Cir. 1995) ("The 'prejudice' to which [Rule 15(c)] refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale.").

In short, there has been no undue delay in seeking amendment.

## D.    Plaintiffs Have No Bad Faith Or Dilatory Motive.

There is no evidence of bad faith. The case has been pending for less than fourteen months and Plaintiffs have "a colorable excuse for not amending earlier." *Adams*, 739 F.2d at 868. That excuse, in turn, confirms that there is no "dilatory motive" in seeking amendment. Plaintiffs (including the NRA) are prepared to press ahead with dispositive motions after a brief period for the State to conduct discovery as to NRA. Plaintiffs have no reason to delay the resolution of this case, and gain no benefit from it: After all, it is their Second Amendment protected rights that are being infringed by the ongoing enforcement of New Jersey's one-gun-a-month law.

**E.    Judicial Economy And Potential Prejudice To Plaintiffs Both Favor Granting Relief.**

Judicial economy and efficiency favors permitting Plaintiffs to amend the complaint to add NRA as a plaintiff because it will avoid the unnecessary burdens that would result from NRA instituting a new action raising an identical Second Amendment claim. If NRA is allowed to join this action now, the consolidated cases can proceed to a resolution on their merits with only the modest delay associated with discovery and re-setting the dispositive motion deadline. This is the most efficient path for the Court, and the parties, to proceed since it avoids unnecessary duplication and avoids the possibility of conflicting outcomes. But if NRA is forced to file a standalone case, those advantages are lost and the Court will be saddled with considering whether to consolidate the matters at that later time or take other action to prevent unnecessary delay, expense, or confusion.

Finally, the NRA has a significant interest in joining this case—or filing a separate action—to ensure that the organization's members are covered by an injunction should the Court ultimately declare that New Jersey's one-gun-a-month law is unconstitutional. *See Trump v. Casa, Inc.*, 606 U.S. 831 (2025).

## <u>CONCLUSION</u>

For the reasons set for the above, Plaintiffs' motion for leave to file a first amended complaint should be granted.

Dated: November 13, 2025    **WHITEFORD, TAYLOR & PRESTON LLC**

*/s/ Bradley P. Lehman*
Bradley P. Lehman (NJ No. 129762014)
600 North King Street, Suite 300
Wilmington, Delaware 19801
P: (302) 353-4144
E: blehman@whitefordlaw.com

*Counsel for Plaintiffs*