UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW STRUCK, DANIEL FRANCISCO, and FIREARMS POLICY COALITION, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, and PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,<br><br>Defendants. | Civil Action No.: 1:24-cv-7098<br>Consolidated Case: 3:24-cv-9479<br><br>**DECLARATION OF STEPHEN M. DUVERNAY, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**<br><br>Hon. Karen M. Williams, U.S.D.J.<br><br>Hon. Matthew J. Skahill, U.S.M.J. |

I, Stephen M. Duvernay, declare:

1. I am an attorney, licensed to practice law in the State of California and State of Texas, and an attorney with the law firm of Benbrook Law Group, PC. I have filed a motion for leave to appear *pro hac vice* as counsel of record for Plaintiffs in this matter. ECF 65. That motion is pending and set for decision on November 17, 2025, before Magistrate Judge Matthew J. Skahill. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. In mid-October 2025, my firm was retained by the National Rifle Association of America (NRA) to represent the organization in challenging New Jersey's "one-gun-a-month" ban, which generally prohibits individuals from

1

acquiring more than one handgun in a 30-day period.[1] These are the same laws that are subject to challenge in these consolidated cases.

3.  Once that representation agreement was in place, co-counsel Bradley P. Lehman and I notified opposing counsel of the NRA's intent to challenge the law either through joining this case as a plaintiff or in a separate lawsuit. I understand that Mr. Lehman also raised this issue at the October 20, 2025, telephone status conference. After that conference, the Court issued a minute order (ECF 64) directing counsel to confer further and attempt to reach a resolution on consent for adding the NRA as a plaintiff.

4.  During the weeks of October 20 and 27, I conferred by phone and e-mail with both the State Defendants' counsel and counsel for the *Benton* Plaintiffs in an attempt to reach a resolution to the proposed amendment. Those efforts culminated in the State Defendants filing a letter setting out the parties' positions. ECF 67.

5.  As shown in the proposed amended complaint, the NRA will assert precisely the same claims that are already asserted by the two individual plaintiffs (Matthew Struck and Daniel Francisco, who are NRA members) and Firearms Policy Coalition. The proposed amendment would not change the factual or legal theories at all; NRA proposes to join the case on the exact same footing as Firearms Policy Coalition, which is already participating in the case. Plaintiffs have filed this motion to amend because they believe that joining NRA as a plaintiff to this action is the more efficient course for the Court all parties compared to NRA filing a separate lawsuit challenging the constitutionality of the same laws based on the same legal theories.

---

[1] The ban is set out in N.J.S.A. § 2C:58-3(i), N.J.A.C. § 13:54-1.9.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

<u>/s/ Stephen M. Duvernay</u>  
Stephen M. Duvernay