# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW STRUCK, DANIEL FRANCISCO, and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, and PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, <br><br> Defendants. | Civil Action No.: 1:24-cv-7098 <br> Consolidated Case: 3:24-cv-9479 <br><br> Hon. Karen M. Williams, U.S.D.J. <br> Hon. Matthew J. Skahill, U.S.M.J. <br><br><br> Motion Date: December 15, 2025 |

## REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

Bradley A. Benbrook*
Stephen M. Duvernay*
**Benbrook Law Group, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Bradley P. Lehman
**Whiteford, Taylor & Preston, LLC**
600 North King Street, Suite 300
Wilmington, DE 19801
(302) 353-4144
blehman@whitefordlaw.com

*Pro Hac Vice*

*Attorneys for Plaintiffs*

# **REPLY**

Plaintiffs have requested leave to narrowly amend their complaint solely to add the National Rifle Association of America (NRA) as a plaintiff, while leaving the factual and legal issues unchanged. They promptly sought relief as soon as the NRA retained counsel to challenge the constitutionality of New Jersey's "one-gun-a-month" ban. Plaintiffs—including NRA—are prepared to move without delay to resolve this matter on the merits through summary judgment. The interests of justice and judicial economy both favor permitting this modest amendment to avoid the burden of duplicative litigation resulting from the NRA filing a standalone suit.

Plaintiffs have established good cause under Rule 16 to modify the scheduling order and permit amendment because they acted diligently once NRA retained counsel to challenge the one-gun-a-month ban. And under Rule 15, the interests of justice favor permitting amendment because the State has not shown the necessary "undue prejudice" from a modest amendment adding the NRA as a plaintiff.

## I.   Plaintiffs Have Established Good Cause Under Rule 16.

As a threshold matter, Plaintiffs have established "good cause" to modify the scheduling order and permit amendment to the complaint because they did not and could not have known that the NRA intended to challenge New Jersey's one-gun-a-month ban when the scheduling order's deadline passed. The State's only response is to argue that the NRA should have decided that it wanted to join the case earlier. This is fanciful on several levels.

First, the existing Plaintiffs—FPC and the individual plaintiffs—do not, of course, direct the NRA's strategy or control its litigation choices. The State nevertheless advances the curious argument that the individual plaintiffs (who count themselves among the NRA's card-carrying members) should have "diligently [sought] out the NRA's potential interest in participating in this lawsuit." Br. 8. This elides the key fact: It is up to the NRA to make its own litigation decisions. And the

State cannot dispute that once the NRA made its decision to challenge the one-gun-a-month ban, and retained counsel to do so, Plaintiffs promptly notified this Court of the issue and sought to amend because it made good sense: NRA is free to file its own standalone challenge, but that would be more burdensome on both the State and the Court.

Second, the State asserts that the NRA should have filed suit as soon as the Ninth Circuit held that California's substantively identical purchase ban was unconstitutional in *Nguyen v. Bonta*, 140 F.4th 1237 (9th Cir. 2025). *See* Br. 6. But although *Nguyen* was decided on June 20, the mandate was not issued in that case until August 14. And in any event, it is up to the NRA to decide how and when to pursue litigation, particularly where a law inflicts ongoing constitutional harm on its members.

Finally, this is not a case where new counsel is seeking a "do-over" or trying to "re-strategize" a lawsuit. Br. 8. That line of authority holds that a Court rightly rejects a belated amendment where a change in litigation strategy by new counsel presents a "moving target" because the underlying facts and allegations would change, *Airtech Int'l Inc. v. Yim*, No. CV 22-00668, 2025 WL 1393223, at *8 (D.N.J. May 14, 2025), or new counsel re-evaluates the evidence and seeks to reopen discovery, *Nelson v. Harrah's Atl. City Operating Co., LLC*, No. CV 20-18602, 2022 WL 3029331, at *3 (D.N.J. Aug. 1, 2022). Permitting amendment here poses no similar risk because, so far as the State's defense is concerned, the parameters of the case will not change: It will face the same factual and legal arguments concerning the constitutionality of New Jersey's one-gun-a-month law whether or not NRA is a plaintiff in this case.

In sum, good cause exists to modify the scheduling order and consider the motion to amend on its merits.

## II.  The State Has Failed To Meet Its Burden To Show Undue Prejudice.

Turning to Rule 15's merits, the key question is whether the State has established "undue prejudice" to warrant denial of Plaintiffs' motion. It has not. As laid out in detail in the opening brief, the State cannot suffer prejudice because NRA would advance the exact same claims as have been advanced by the individual plaintiffs, and it would assert those claims on precisely the same basis as organizational plaintiff Firearms Policy Coalition has raised them because Struck and Francisco are both NRA members. *See* Opening Br. 6–8.

The State has no answer for this foundational point, which dooms any effort to oppose amendment. The Third Circuit has squarely held that no prejudice exists where, as here, "allowing [an] amendment should not affect [a party's] tactics or case theories" and therefore "will not cause [the opposing party any] undue difficulty in preparing its defense." *Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 428 (3d Cir. 1987). Put another way, there can be no prejudice stemming from the proposed amendment since it would not "seriously impair[]" the State's "ability to present its case," *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990), because there is no need for it to "defend against new facts or new theories," *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

The State's only argument in response is that Plaintiffs have sufficiently delayed seeking amendment to justify denying the motion. Even this effort is half-hearted: The State rightly acknowledges that "delay alone is an insufficient ground to deny leave to amend." Br. 10 (quoting *Cureton*, 252 F.3d at 273). But the underlying argument ignores the relevant point: The court must "focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

As explained in the opening brief, Plaintiffs' motives and reasons for presenting the motion to amend at this time weigh against finding undue delay. They

3

have promptly sought to add NRA as a plaintiff once the organization retained counsel to challenge New Jersey's one-gun-a-month law so that the Court can efficiently resolve that constitutional question once and for all. Plaintiffs have sought amendment precisely to avoid "placing an unwarranted burden on the court," *Adams*, 739 F.2d at 868, which would result through duplicative litigation filed by the NRA. And, as further laid out in the opening brief, the nature of this lawsuit further underscores the lack of any prejudice to the State stemming from the brief delay: Because this is a constitutional challenge to a state firearm regulation—and the proposed amendment does not raise new or additional factual claims—there is no risk of "the irretrievable loss of evidence [or] the inevitable dimming of witnesses' memories," as there may be in other contexts. *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008).

The State's opposition is studiously quiet on these critical points, which should be dispositive. Instead, the opposition points to FPC's efforts to publicize this lawsuit and claims that "NRA was presumably aware of this matter." Br. 10. Again, this has nothing to do with the NRA's decision to challenge the one-gun-a-month ban: Plaintiffs sought to amend the complaint promptly after they learned of NRA's intent to challenge the law.

The State's opposition concludes by claiming that the additional discovery required by NRA's addition would "likely be more than minimal" because the NRA has "millions of members." Br. 11. Not so. NRA asserts standing behalf of its members (through the individual plaintiffs). For standing purposes, all that the NRA needs to demonstrate is that some of its members have standing to bring this lawsuit (which it has done via the named Plaintiffs), the suit is germane to its organizational purposes, and that the individual participation of its members writ large is not necessary to the lawsuit. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977); *Students for Fair Admissions, Inc. v. President & Fellows of Harvard*

*Coll.*, 600 U.S. 181, 199–200 (2023). And on that score, FPC's past experience responding to the State's discovery requests should put to rest any concerns that the addition of the NRA would require significant discovery.

The remaining factors also favor permitting amendment. The State does not dispute that Plaintiffs have no bad faith or dilatory motive. Nor does the State contest that judicial economy and efficiency favor resolving the constitutionality of New Jersey's one-gun-a-month law in a single proceeding rather than forcing NRA to file a separate parallel action.

## **CONCLUSION**

For the reasons set forth above and in the opening brief, Plaintiffs' motion for leave to file a first amended complaint should be granted.

Respectfully submitted,

*/s/ Bradley P. Lehman*
Bradley P. Lehman
Attorney for Plaintiffs
