[ECF No. 68]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| **MATTHEW STRUCK, et al.,** | **Civil No. 24-7098 (KMW/MJS)** |
| **Plaintiffs,** | **Civil No.  24-9479 (KMW/MJS)** |
| **v.** | <u>**CONSOLIDATED**</u> |
| **MATTHEW PLATKIN, et al.,** | |
| **Defendants.** | |

<u>**OPINION AND ORDER**</u>

This matter is before the Court on the Motion by plaintiffs Matthew Struck, Daniel Francisco, and Firearms Policy Coalition, Inc. ("the Struck Plaintiffs" or "Plaintiffs") to Amend the Complaint and add the National Rifle Association ("NRA") as a plaintiff. ECF No. 68.[1] Defendants Matthew Platkin and Patrick J. Callahan ("the Struck Defendants" or "Defendants") oppose the motion. ECF No. 72. Having considered the parties' submissions, the Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth herein, Plaintiffs' motion is **GRANTED.**

**I.      Background**

This motion stems from two consolidated cases that bring Second Amendment challenges to the constitutionality of N.J. Stat. Ann. § 2C:58-3(i) and N.J. Admin. Code § 13:54-

---

[1] All ECF entries in this Order refer to entries docketed under Civ. No. 24-7098, unless otherwise specified by the Court. All references to page numbers correspond to the stamped ECF number in the header.

1

1.9, referred to collectively as the "one-gun-a-month" law (the "OGM law"). ECF No. 1 at 2, 33. In the case docketed as Civil No. 24-7098 ("Benton"), plaintiffs Christian Benton, the Coalition of New Jersey Firearm Owners, Gun Owners of America, Inc., and Gun Owners Foundation filed their complaint against defendant Matthew Platkin, in his capacity as Attorney General of New Jersey ("Defendant Platkin"), and defendant Phil Olivo, in his capacity as the Police Chief of Pennsauken Township. ECF No. 1. In the case docketed as Civil No. 24-9479 ("Struck"), the Struck Plaintiffs filed their complaint against Defendant Platkin and defendant Patrick Callahan, in his capacity as Superintendent of the New Jersey State Police. ECF No. 1.

On June 23, 2025, this Court entered an Opinion and Order consolidating Benton and Struck. ECF No. 54. Because both actions "raise the same constitutional challenge against the OGM law, and share a common defendant," and in light of the Court's duty to "protect against the prospect of conflicting outcomes, especially where the cases share a constitutional challenge to the same legislation," it ordered the matters consolidated, finding that "[t]he risk of conflicting outcomes [was] too great." Id. at 7–8.

On November 13, 2025, the Struck Plaintiffs filed a motion to amend their complaint to add the NRA as a plaintiff. ECF No. 68. The Struck Defendants filed their opposition on November 24, 2025, arguing that there is no good cause to amend and that justice does not require granting leave to amend. ECF No. 72.

## II.    Discussion

Where a party moves to amend after the applicable scheduling order deadline has passed, the moving party must first meet the standard articulated in Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that scheduling orders may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Only once that standard is met may

the court then consider the standard under Federal Rule of Civil Procedure 15(a). Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020); see Conrad v. Lopez De Lasalle, 681 F. Supp. 3d 371, 377–78 (D.N.J. 2023).

### a. Good Cause Under Rule 16(b)(4) to Consider the Motion

Plaintiffs' motion to amend was filed on November 13, 2025, nearly four months after the scheduling order deadline had expired. Therefore, the analysis must start by determining whether Plaintiffs have demonstrated "good cause" for amending the complaint at this stage. See FED. R. CIV. P. 16(b)(4); see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010).

When proving that it has demonstrated good cause to amend, the moving party bears the burden of showing its delay was the result of "any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." Fermin v. Toyota Material Handling, U.S.A., Inc., Civ. No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (quoting Phillips v. Greben, Civ. No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006)). In short, "courts need to evaluate the moving party's diligence[.]" Pezza v. Middletown Twp. Pub. Sch., Civ. No. 18-16354, 2023 WL 2019623, at *3 (D.N.J. Feb. 15, 2023). This analysis requires determining "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." Sabatino v. Union Twp., Civ. No. 11-1656, 2013 WL 1622306, at *4 (D.N.J. Apr. 15, 2013).

The Court's initial June 11, 2025 Scheduling Order established a July 15, 2025 deadline to amend the complaint or add parties. ECF No. 52 at 1. However, the NRA did not retain Plaintiffs' counsel to bring the litigation concerning the OGM law until mid-October, four months

after the deadline had expired. ECF No. 68 at 9. Defendants argue that Plaintiffs should have known the NRA would take an interest in bringing its own Second Amendment case earlier. ECF No. 72 at 10–11. The Court disagrees. Plaintiffs did not "possess[] the knowledge necessary to file the motion to amend," Sabatino, 2013 WL 1622306, at *4, until they learned of the NRA's decision to challenge the OGM law on its own. Plaintiffs' hope or even suspicion—to the extent they had any—that the NRA might be interested in bringing its own case is not definitive knowledge of its plans. See Synthes, Inc. v. Marotta, 281 F.R.D. 217, 226 (E.D. Pa. 2012) (allowing amendment after the scheduling deadline because the moving party did not have "sufficient support" for its claims until the deadline passed).

The Court also finds diligence in Plaintiffs' conduct after they learned of the NRA's intent to litigate. First, the lapse of time within Plaintiffs' control is minimal, with only a one-month gap between the NRA's decision to litigate and the filing of Plaintiffs' motion to amend. ECF No. 68 at 9; see Sabatino, 2013 WL 1622306, at *5 (finding "timely, conscientious filings" illustrated diligence). Further, Plaintiffs promptly notified the Court and Defendants of their intent to add a plaintiff well before they filed their motion, exhibiting "reasonable diligence in avoiding unnecessary delays" as a result. Sabatino, 2013 WL 1622306, at *5; see ECF No. 68 at 6.

Therefore, because Plaintiffs' delay in moving to amend is largely based on the independent actions of a third party over which they had no control, and because they moved quickly in the face of that delay, they have demonstrated diligence and shown that good cause exists to amend the complaint.

### b. Leave to Amend Under Rule 15

Having found good cause under Rule 16(b)(4), the Court now turns to Rule 15. Under this standard, the moving party must obtain "the opposing party's written consent or the court's

leave" to amend its complaint. FED. R. CIV. P. 15(a)(2). "A general presumption exists in favor of allowing a party to amend its pleadings." Int'l Union of Operating Eng'rs, Local 68 v. RAC Atl. City Holdings, LLC, Civ. Nos. 11-3932, 11-4585, 2013 WL 353211, at *8 (D.N.J. Jan. 29, 2013). That said, a court may deny a motion to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Here, the Court finds permitting amendment appropriate because Plaintiffs have not exhibited undue delay and adding the NRA as a plaintiff at this stage would not prejudice Defendants.[2]

First, the amendment in this case does not cause undue delay. "[T]he mere passage of time does not require that a motion to amend be denied[.]" Fahs Rolston Paving Corp. v. Pennington Prop. Dev. Corp., Civ. No. 03-4593, 2007 WL 2362606, at *3 (D.N.J. Aug. 14, 2007) (internal quotations and citation omitted) (alteration in original). That said, "delay becomes 'undue', and thereby creates grounds for the district court to refuse to grant leave, when it places an unwarranted burden on the Court, when the movant has had previous opportunities to amend, or when it becomes prejudicial to the opposing party." Marlowe Pat. Holdings v. Dice Elec., LLC, 293 F.R.D. 688, 695 (D.N.J. 2013). "Although delay at some point…will become prejudicial," the issues of delay and prejudice "are distinct inquiries." Conrad, 681 F. Supp. 3d at 383 (D.N.J. 2023)

---

[2] Because Defendants do not challenge amendment on the grounds of futility, bad faith, or dilatory motives, the Court need not address them. See, e.g., Sabatino, 2013 WL 1622306, at *7 ("Defendants have not argued bad faith, dilatory motive…or that plaintiff's proposed amendments would be futile. Therefore, the Court need not conduct an analysis of these elements under Rule 15(a)(2)."). That said, the Court easily concludes that amending to add a party would not be futile in this case because "Plaintiffs are not amending in the face of a potential dismissal for failure to state a claim." ECF No. 68 at 10 n.2; see Witherspoon v. Rent-A-Center, Inc., 173 F. Supp. 2d 239, 243 (D.N.J. 2001) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper.").

(internal quotations and citation omitted) (alteration in original). Therefore, analyzing delay "requires that we focus on the plaintiffs' motives for not amending their complaint" sooner, while "the issue of prejudice requires that we focus on the effect on the defendants." Id. (internal quotations and citation omitted).

Applying this framework shows that Plaintiffs' amendment does not pose undue delay. First, rather than burden the Court, adding the NRA as a plaintiff would expedite proceedings and conserve judicial resources by avoiding the parallel, duplicative litigation that would occur if the NRA brought an independent action. See Mullin v. Balicki, 875 F.3d 140, 149–50 (3d Cir. 2017) (stating the factors for deciding a motion to amend "are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court"). Further, Plaintiffs have not previously moved to amend their complaint. Finally, Plaintiffs' "motives" for the delay are reasonable—they learned of the NRA's intent to bring its own identical litigation approximately three months after the scheduling deadline had passed, when the NRA retained Plaintiffs' counsel, and they proposed their amendment to add the NRA as a plaintiff just one month later. ECF No. 68 at 9; see, e.g., Synthes, 281 F.R.D. at 226 (finding that a party's decision to wait for a "legal and factual foundation" before adding a party did not constitute undue delay).

Next, amendment would not unfairly prejudice Defendants. Analyzing prejudice requires focusing on the hardship Defendants may face if the motion is granted, including "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001). That said, unfair prejudice "must amount to more than mere inconvenience" to justify the denial of a motion to amend. Centennial Plaza Prop., LLC v. Trane U.S., Inc., Civ. No. 22-1262, 2023 WL

7403640, at *5 (D.N.J. Nov. 9, 2023) (quoting Voilas v. Gen. Motors Corp., 173 F.R.D. 389, 396 (D.N.J. 1997)); see Smith v. Honeywell Int'l, Inc., Civ. No. 10-03345, 2014 WL 301031, at *9 (D.N.J. Jan. 27, 2014) ("Although Defendants argue that the amendment will require additional discovery, the inconvenience of new interrogatories or additional discovery alone does not amount to unfair prejudice."). Moreover, where, as here, discovery has closed, a nonmoving party must show that it would be "unfairly disadvantage[d] or deprive[d] [] of the opportunity to present facts or evidence which it would have offered had the amendments been timely." Voilas, 173 F.R.D. at 396, 398 (internal quotations and citation omitted) (finding no prejudice in the addition of 176 new plaintiffs because the nonmoving party was aware of the likelihood of an amendment and judicial efficiency weighed in favor of granting the motion).

Here, the amendment seeks only to add the NRA as a plaintiff. It does not change the nature of the claims asserted, and Defendants have "been aware of such [] claim[s] since this action's inception." Marlowe, 293 F.R.D. at 696. Therefore, Defendants would not have to expend significant resources "defend[ing] against new facts or new theories." Cureton, 252 F.3d at 273. Plaintiffs promptly notified Defendants of their intent to add a plaintiff as soon as they became aware; the NRA retained counsel in mid-October, at which point Plaintiffs informed Defendants that a motion to add the NRA was a possibility. ECF No. 68 at 6. This notice gave Defendants an additional month to prepare prior to the motion to amend being filed. Further, to the extent that any limited amount of additional discovery is needed, it appears the parties have already discussed a brief discovery period to address the NRA's addition to the case, which this Court would permit. Id. at 11.

Finally, Defendants' assertion that Plaintiffs should have known to add the NRA earlier cuts against their prejudice argument. If, as Defendants claim, "[t]here is no reason that, with

7

reasonable diligence, the parties and NRA could not have asserted the NRA's interest in this case well before this Court's July 15 deadline," there is similarly little reason that Defendants would be disadvantaged or surprised by the instant motion to amend. ECF No. 72 at 11. Defendants claim that since "the NRA participated as amicus curiae" in similar litigation, Plaintiffs should have been aware of the NRA's potential interest in this case. Id. However, Defendants' argument that the NRA's potential interest in this case is obvious applies to all litigants, not just Plaintiffs, and the obviousness of the purpose of the amendment suggests the party opposing it will be less prejudiced as a result. See generally Morrison v. City of Jersey City, Civ. No. 19-20369, 2022 WL 3339491, at *6 (D.N.J. Aug. 12, 2022) (finding no prejudice or unfair surprise when the amendment arises from "the same incident and legal theories").

Given the content of the proposed amendment, Plaintiffs' efforts to minimize the inconvenience that inherently results from amending pleadings, and that "[c]ourts have consistently held that Rule 15 should liberally allow amendment of pleadings," Plaintiffs "meet[] the standard to grant leave under Rule 15." Sabatino, 2013 WL 1622306, at *7.

### III.   Conclusion

For the reasons stated above, Plaintiff's Motion to Amend the Complaint and add the NRA as plaintiff is **GRANTED**.

**IT IS SO ORDERED** on this **22nd** day of **June 2026.**

s/Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge