**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTIAN BENTON *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JENNIFER DAVENPORT,*<br><br>*Defendant*. | Hon. Karen M. Williams, U.S.D.J.<br>Hon. Matthew J. Skahill, U.S.M.J.<br><br>Civil Action<br><br>Docket No. 1:24-cv-7098<br>Docket No. 3:24-cv-9479<br>(Consolidated) |
| MATTHEW STRUCK *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JENNIFER DAVENPORT *et al.*,<br><br>*Defendants*. | |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENTS OF UNDISPUTED MATERIAL FACTS**

* The captions have been revised to reflect the present Attorney General of New Jersey Jennifer Davenport. *See* Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.")

Pursuant to Federal Rule of Civil Procedure 56 and D.N.J. Local Rule 56.1, State Defendants submit the following Response to the Statement of Material Facts Not in Dispute submitted by Plaintiffs:

**STATE DEFENDANTS' RESPOSNES TO STRUCK PLAINTIFFS**

1. New Jersey law generally prohibits individuals from purchasing more than one handgun within any 30-day period. N.J.SA. § 2C:58-3(i) ("Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period … ."); N.J.A.C. § 13:54-1.9 ("Only one handgun may be purchased or delivered on each permit to purchase.").

**RESPONSE: Disputed. A permit to purchase a handgun allows a holder to purchase a handgun in a single transaction from a licensed retail dealer. N.J. Stat. Ann. § 2C:58-3(i). If the individual has a need to purchase more than one handgun in a single transaction, they must obtain an "exemption" permit as provided by N.J. Stat. Ann. § 2C:58-3.4. *See* N.J. Stat. Ann. § 2C:58-3(i)(6). Under N.J. Stat. Ann. § 2C:58-3(i)(6), "*any person*" can obtain an exemption permit to buy more than one handgun in a single thirty-day period for any "lawful" purpose, including "acquiring firearms for the enhancement of the person's collection: as curios; for inheritance; for historical, investment, training and competitive, recreational, educational, scientific, or defensive purposes; *or any other lawful related purpose*." N.J. Stat. Ann. § 2C:58-3.4(a)(2) (emphasis added).**

2. Plaintiff Matthew Struck (1) is not prohibited under state or federal law from acquiring or possessing firearms or ammunition; (2) holds a firearms purchaser identification card; and (3) desires and intends to purchase two or more handguns in

common use for lawful purposes from a licensed dealer within a 30-day period and would do so but for Defendants' enforcement of the OGM Ban. Struck Decl., ¶¶ 2–4.

**RESPONSE:** **State Defendants do not dispute that Plaintiff Matthew Struck has a valid New Jersey Firearms Purchaser Identification Card. State Defendants do not dispute that Plaintiff Struck has attested to his desire and intention to purchase two or more handguns in common use for lawful purposes from a licensed dealer within a 30-day period. State Defendants otherwise lack sufficient knowledge or information to dispute or admit the facts alleged. Furthermore, whether Plaintiff Struck is "not prohibited under state or federal law from acquiring or possessing firearms or ammunition" requires legal conclusions that State Defendants are not in a position to make. On that basis, State Defendants otherwise dispute the facts alleged.**

3. Plaintiff Daniel Francisco (1) is not prohibited under state or federal law from acquiring or possessing firearms or ammunition; (2) holds a firearms purchaser identification card; and (3) desires and intends to purchase two or more handguns in common use for lawful purposes from a licensed dealer within a 30-day period and would do so but for Defendants' enforcement of the OGM Ban. Francisco Decl., ¶¶ 2–4.

**RESPONSE:** **State Defendants do not dispute that Plaintiff Daniel Francisco has a valid New Jersey Firearms Purchaser Identification Card. State Defendants do not dispute that Plaintiff Francisco has attested to his desire and intention to purchase two or more handguns in common use for lawful purposes from a licensed dealer within a 30-day period. State Defendants otherwise lack sufficient knowledge or information to dispute or admit the facts alleged. Furthermore, whether**

**Plaintiff Francisco is "not prohibited under state or federal law from acquiring or possessing firearms or ammunition" requires legal conclusions that State Defendants are not in a position to make. On that basis, State Defendants otherwise dispute the facts alleged.**

4. Plaintiffs Matthew Struck and Daniel Francisco are members of Plaintiffs Firearms Policy Coalition, Inc. ("FPC") and the National Rifle Association of America ("NRA"). Struck Decl., ¶ 5; Francisco Decl., ¶ 5.

**RESPONSE: Undisputed.**

5. Plaintiff FPC is a nonprofit membership organization incorporated in Delaware with a primary place of business in Clark County, Nevada. FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC brings this action on behalf of its members, including Struck and Francisco, who seek to lawfully purchase more than one handgun in common use for lawful purposes within a 30-day period and would do so but for Defendants' enforcement

of the laws, regulations, policies, practices, and customs challenged herein. Combs Decl., ¶¶ 4–5.

**<u>RESPONSE</u>: State Defendants do not dispute that Plaintiff FPC is an organization whose self-described purposes are as stated. State Defendants lack sufficient knowledge or information to dispute or admit the remainder of the facts alleged, and Plaintiff FPC has not provided admissible evidence to establish these facts, and on that basis, dispute the facts alleged. Plaintiff FPC has produced no evidence, other than hearsay reported in a declaration from Brandon Combs, that any FPC members have the desires expressed in this allegation.**

6. Plaintiff NRA is a nonprofit corporation founded in 1871. NRA is America's oldest civil rights organization and America's leading provider of firearms marksmanship and safety training for both civilians and law enforcement. NRA has millions of members across the nation, including in New Jersey. NRA brings this action on behalf of its members, including Struck and Francisco, who seek to lawfully purchase more than one handgun in common use for lawful purposes within a 30-day period and would do so but for Defendants' enforcement of the laws, regulations, policies, practices, and customs challenged herein. Commerford Decl., ¶¶ 3–4.

**<u>RESPONSE</u>: State Defendants do not dispute that Plaintiff NRA is an organization whose self-described purposes and number of members are as stated. State Defendants lack sufficient knowledge or information to dispute or admit the remainder of the facts alleged, and Plaintiff NRA has not provided admissible evidence to establish these facts, and on that basis, dispute the facts alleged. Plaintiff NRA has produced no evidence,**

**other than hearsay reported in a declaration from John Commerford, that any NRA members have the desires expressed in this allegation.**

## STATE DEFENDANTS' RESPONSES TO BENTON PLAINTIFFS

1. Subject to certain exceptions and exemptions not relevant here, N.J.S.A. § 2C:58-3(i) and N.J.A.C. § 13:54-1.9 prohibit individuals from purchasing more than one handgun per "30-day period." *See* Declaration of Steven J. Harfenist (Sept. 14, 2026), Exhibit 1, Ex. C, Declaration of Christian Benton (hereinafter "Ex. 1-C") ¶¶9-10.

**RESPONSE: Disputed. A permit to purchase a handgun allows a holder to purchase a handgun in a single transaction from a licensed retail dealer. N.J. Stat. Ann. § 2C:58-3(i). If the individual has a need to purchase more than one handgun in a single transaction, they must obtain an "exemption" permit as provided by N.J. Stat. Ann. § 2C:58-3.4. *See* N.J. Stat. Ann. § 2C:58-3(i)(6). Under N.J. Stat. Ann. § 2C:58-3(i)(6), "*any person*" can obtain an exemption permit to buy more than one handgun in a single thirty-day period for any "lawful" purpose, including "acquiring firearms for the enhancement of the person's collection: as curios; for inheritance; for historical, investment, training and competitive, recreational, educational, scientific, or defensive purposes; *or any other lawful related purpose*." N.J. Stat. Ann. § 2C:58-3.4(a)(2) (emphasis added).**

2. There is no exception under N.J.S.A. § 2C:58-3(i) and N.J.A.C. § 13:54-1.9 for an individual to purchase multiple handguns per 30-day period for the purpose of self-defense, or merely out of the general desire to purchase multiple handguns within such period. *See* Ex. 1-C ¶¶9-10.

**<u>RESPONSE</u>: Disputed. A permit to purchase a handgun allows a holder to purchase a handgun in a single transaction from a licensed retail dealer. N.J. Stat. Ann. § 2C:58-3(i). If the individual has a need to purchase more than one handgun in a single transaction, they must obtain an "exemption" permit as provided by N.J. Stat. Ann. § 2C:58-3.4. *See* N.J. Stat. Ann. § 2C:58-3(i)(6). Under N.J. Stat. Ann. § 2C:58-3(i)(6), "*any person*" can obtain an exemption permit to buy more than one handgun in a single thirty-day period for any "lawful" purpose, including "acquiring firearms for the enhancement of the person's collection: as curios; for inheritance; for historical, investment, training and competitive, recreational, educational, scientific, or *defensive purposes*; *or any other lawful related purpose*." N.J. Stat. Ann. § 2C:58-3.4(a)(2) (emphasis added).**

3. Plaintiff Christian Benton ("Benton") is a citizen of the United States and of the State of New Jersey, and he resides in Pennsauken Township, Camden County, New Jersey. *See* Ex. 1-C ¶1.

**<u>RESPONSE</u>: Undisputed.**

4. Benton is a member of Plaintiff Coalition of New Jersey Firearm Owners and a member of Plaintiff Gun Owners of America, Inc. *See* Ex. 1-C ¶2.

**<u>RESPONSE</u>: Undisputed.**

5. Benton is a law-abiding person, eligible to purchase and possess firearms under both New Jersey and federal law, and he possesses a valid New Jersey Permit to Carry a Handgun. *See* Ex. 1-C ¶¶2-3.

**<u>RESPONSE</u>: State Defendants do not dispute that Plaintiff Benton has a valid New Jersey Permit to Carry a Handgun. State Defendants otherwise lack sufficient knowledge or information to dispute or admit**

**the facts alleged. Furthermore, whether Plaintiff Benton is "law-abiding" and is "eligible to purchase and possess firearms under both state and federal law" requires legal conclusions that State Defendants are not in a position to make. On that basis, State Defendants otherwise dispute the facts alleged.**

6. Benton is an avid gun owner and supporter of the Second Amendment who desires and intends to purchase more than one handgun per 30-day period. *See* Ex. 1-C ¶¶2, 9, 10.

**<u>RESPONSE</u>: State Defendants do not dispute that Plaintiff Benton has attested to his desire and intention to purchase more than one handgun per 30-day period and admitted, in his discovery responses, to owning at least one firearm. State Defendants otherwise lack sufficient knowledge or information to dispute or admit the facts alleged. On that basis, State Defendants otherwise dispute the facts alleged.**

7. In the past, Benton has not been able to acquire "Arms" when he desires, being forced to stagger his handgun purchases across several months so as not to violate the Challenged Laws. *See* Ex. 1-C ¶¶9-10.

**<u>RESPONSE</u>: State Defendants lack sufficient knowledge or information to dispute or admit the facts alleged, and on that basis, dispute the facts alleged.**

8. But for the Challenged Laws, Benton would purchase handguns in the plural, at any time of his choosing, and certainly more than once per 30-day period. *See* Ex. 1-C ¶¶9, 12.

**<u>RESPONSE</u>: State Defendants do not dispute that Plaintiff Benton has attested to his desire to "purchase handguns in the plural, at anytime**

**of his choosing, and certainly more than once per 30-day period." State Defendants otherwise lack sufficient knowledge or information to dispute or admit the facts alleged. On that basis, State Defendants otherwise dispute the facts alleged.**

9. Plaintiff Coalition of New Jersey Firearm Owners ("CNJFO") is a Second Amendment advocacy organization that has over 3,000 members and associates residing across New Jersey, many of whom are licensed to purchase and carry firearms in New Jersey and regularly purchase handguns on an ongoing basis. CNJFO exists to support and defend Second Amendment rights. *See* Declaration of Steven J. Harfenist (Sept. 14, 2026), Exhibit 1, Ex. A, Declaration of John C. Pyle (hereinafter "Ex. 1-A") ¶¶4-5, 11, 19.

**RESPONSE: State Defendants do not dispute that Plaintiff CNJFO is an organization whose self-described purposes and number of members are as stated. State Defendants lack sufficient knowledge or information to dispute or admit the remainder of the facts alleged, and on that basis, dispute the facts alleged.**

10. Many of CNJFO's members desire to acquire handguns without the "one-gun-a-month" limitation currently imposed by New Jersey law, and they support CNJFO's involvement in this litigation. *See* Ex. 1-A ¶¶6, 8.

**RESPONSE: State Defendants lack sufficient knowledge or information to dispute or admit the facts alleged, and Plaintiff CNJFO has not provided admissible evidence to establish these facts, and on that basis, dispute the facts alleged. Plaintiff CNJFO has produced no evidence, other than hearsay reported in a declaration from John Pyle, that any CNJFO members have the desires expressed in this allegation.**

11. Specifically, CNJFO's members have questioned why they can only purchase one handgun per month, and why the Challenged Laws' handgun rationing applies not only to an initial purchase, but also to all subsequent handgun purchases. *See* Ex. 1-A ¶14.

> **RESPONSE: State Defendants lack sufficient knowledge or information to dispute or admit the facts alleged, and Plaintiff CNJFO has not provided admissible evidence to establish these facts, and on that basis, dispute the facts alleged. Plaintiff CNJFO has produced no evidence, other than hearsay reported in a declaration from John Pyle, that any CNJFO members have the desires expressed in this allegation.**

12. Plaintiff Gun Owners of America, Inc. ("GOA") is a nonprofit Second Amendment advocacy organization that has more than two million members and supporters across the country, including residents of the District of New Jersey. GOA's mission is to preserve and defend the Second Amendment rights of gun owners. *See* Declaration of Steven J. Harfenist (Sept. 14, 2026), Exhibit 1, Ex. B, Declaration of Erich M. Pratt (hereinafter "Ex. 1-B") ¶¶4, 10, 14, 17-18, 22.

> **RESPONSE: State Defendants do not dispute that Plaintiff GAO is an organization whose self-described purposes and number of members are as stated. State Defendants lack sufficient knowledge or information to dispute or admit the remainder of the facts alleged, and on that basis, dispute the facts alleged.**

13. Many of GOA's members in New Jersey wish to purchase more than one handgun per 30-day period, and they support GOA's involvement in this litigation. *See* Ex. 1-B ¶¶4, 10, 14, 17-18.

> **RESPONSE: State Defendants lack sufficient knowledge or information to dispute or admit the facts alleged, and Plaintiff GAO has not provided admissible evidence to establish these facts, and on that basis, dispute the facts alleged. Plaintiff GAO has produced no evidence, other than hearsay reported in a declaration from Erich M. Pratt, that any GAO members have the desires expressed in this allegation.**

14. For instance, one GOA member, an honorably discharged U.S. Army veteran residing in New Jersey, explained that they are legally eligible to possess firearms and would purchase more than one handgun per month, but cannot do so under New Jersey law. *See* Ex. 1-B ¶¶17-18.

> **RESPONSE: State Defendants lack sufficient knowledge or information to dispute or admit the facts alleged, and Plaintiff GAO has not provided admissible evidence to establish these facts, and on that basis, dispute the facts alleged. Plaintiff GAO has produced no evidence, other than hearsay reported in a declaration from Erich M. Pratt, that any GAO members have the desires expressed in this allegation.**

15. Plaintiff Gun Owners Foundation ("GOF") is a nonprofit legal defense and educational foundation that is supported by gun owners across the country, including within New Jersey, who fund the organization's activities so that it can, *inter alia*, file litigation such as this to preserve, protect, and defend their right to

keep and bear arms. Like GOA, GOF's mission is to preserve and defend the Second Amendment rights of gun owners. *See* Ex. 1-B ¶¶5-6, 22.

**RESPONSE: State Defendants do not dispute that Plaintiff GOF is an organization whose self-described purposes and number of members are as stated. State Defendants lack sufficient knowledge or information to dispute or admit the facts alleged, and on that basis, dispute the facts alleged.**

16. GOF receives all of its funding from its supporters, who voluntarily fund its activities. *See* Ex. 1-B ¶6.

**RESPONSE: State Defendants lack sufficient knowledge or information to dispute or admit the facts alleged, and on that basis, dispute the facts alleged.**

17. GOF litigates cases on behalf of its supporters. *See* Ex. 1-B ¶¶6, 8.

**RESPONSE: State Defendants lack sufficient knowledge or information to dispute or admit the facts alleged, and on that basis, dispute the facts alleged.**

18. GOF's supporters receive information about its activities through a quarterly newsletter and regular emails about its activities. *See* Ex. 1-B ¶¶7-8.

**RESPONSE: State Defendants lack sufficient knowledge or information to dispute or admit the facts alleged, and on that basis, dispute the facts alleged.**

19. GOF's supporters regularly communicate their views to GOF about issues on which GOF should focus. *See* Ex. 1-B ¶8.

**<u>RESPONSE</u>: State Defendants lack sufficient knowledge or information to dispute or admit the facts alleged, and on that basis, dispute the facts alleged.**

20. Defendant Jennifer Davenport is the Attorney General of New Jersey and is the "chief law enforcement officer" responsible for "general supervision of criminal justice," including enforcement of N.J.S.A. § 2C:58-3(i) and N.J.A.C. § 13:54-1.9. *See* N.J.S.A. § 52:17B-98.

**<u>RESPONSE</u>: Undisputed.**

21. Defendant Davenport has "general responsibility for the … operations" of the Department of Law and Public Safety, which promulgated N.J.A.C. § 13:54-1.9. *See* N.J.S.A. § 52:17B-4(b).

**<u>RESPONSE</u>: Undisputed.**

Dated: October 26, 2026

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL
OF NEW JERSEY

By: <u>*/s/ Amanda I. Morejón*</u>
Amanda I. Morejón
Deputy Attorney General